PEOPLE v. LONGARIA. .

1. CRIMINAL LAW—ALIBI—EVIDENCE—TIME SHEET—ENTRY MADE IN REGULAR COURSE OF BUSINESS.

Refusal of admission in evidence of time sheet which had been kept by employer of defendant, charged with statutory rape, was within the trial court's discretion, notwithstanding it had been made in the regular course of business, where its purpose was to establish an alibi and defendant had not given the statutory notice of alibi (CL 1948, §§ 617.53, 750.520, 768.20).

2. SAME—ALIBI—NOTICE.

A trial court may refuse to receive evidence of alibi, where the accused fails to give the notice required by the statute (CL 1948, § 768.20).

3. SAME—ARGUMENT TO JURY—TRANSCRIPT OF TESTIMONY NOT IN EVIDENCE.

Trial court's refusal to let attorney for defendant, charged with statutory rape, read from transcript of testimony of complaining witness, taken at a prior preliminary examination, and comment on the questions and answers there-

REFERENCES FOR POINTS IN HEADNOTES.
[1–3] 15 Am Jur, Criminal Law § 315.
[4] 53 Am Jur, Trial § 78.

in was not error, where portions involved were not in evidence and some related to an examination made pursuant to a different information (CL 1948, § 750.520).

4. SAME—COMMENT ON EVIDENCE—WEAK POINTS IN STATE'S CASE.
A defendant in a criminal case is not entitled to right to have the trial judge comment upon the evidence or point out the weak points in the State's case so far as they involve questions of fact and not of law.

5. SAME—RAPE—CHARGE TO JURY.
Charge to jury in prosecution for statutory rape *held,* to have fairly and correctly presented the case to the jury (CL 1948, § 750.520).

Appeal from Jackson; Boardman (Harry D.), J. Submitted April 17, 1952. (Docket No. 84, Calendar No. 45,202.) Decided June 2, 1952.

Larry Longaria was convicted of statutory rape. Affirmed.

*Dahlem & Dahlem,* for appellant.

*Frank G. Millard,* Attorney General, and *Kenneth B. Johnson,* Prosecuting Attorney, for the people.

NORTH, C. J. By an information dated October 4, 1950, Larry Longaria, defendant and appellant herein, was charged with having committed statutory rape* on the 29th day of June, 1950, in Jackson county. On arraignment defendant stood mute. A plea of not guilty was entered. A jury trial resulted in a verdict of guilty and sentence was imposed. Defendant's motion for a new trial was denied. He has appealed, leave having been granted.

Defendant cites 3 errors in consequence of which he contends a new trial should have been granted. The first alleged error has to do with the trial court's refusal to admit in evidence defendant's ex-

* See CL 1948, § 750.520 (Stat Ann § 28.788).—REPORTER.

hibit A, which was a time sheet kept by defendant's employer for the week of June 26 to July 2, 1950. The purpose for which this exhibit was sought to be introduced in evidence was to establish an alibi by showing that defendant was working in Ann Arbor, Washtenaw county, between the hours of 4 p.m. and 12 midnight, on June 29, 1950; while the offense was claimed by the prosecution as committed between those hours in Jackson county. The trial court refused to receive the exhibit in evidence. Appellant asserts that this time sheet should have been received in evidence under the provisions of PA 1935, No 15 (CL 1948, § 617.53 [Stat Ann § 27.902]). Regardless of whether appellant's contention in this respect is tenable, the exhibit was properly excluded for the following reason. Obviously the purpose of offering exhibit A in evidence was to show that defendant was not in Jackson county at the time of the alleged offense, since he was at that time working in Ann Arbor, Washtenaw county, from 4 p.m. to 12 midnight on that day. By showing such to be the fact, defendant was attempting to establish an alibi. Under our code of criminal procedure, when an accused wishes to set up an alibi as a defense he must give the prosecution notice of such defense at least 4 days prior to trial (CL 1948, § 768.20 [Stat Ann 1951 Cum Supp § 28.1043]). If an accused fails to give the notice required by the statute the trial court may refuse to receive evidence of alibi. In the instant case defendant did not give the notice required by statute, and it was within the trial court's discretion under the circumstances to refuse to receive in evidence exhibit A.

The second alleged error which defendant cites is that he should have been permitted to read and comment to the jury on questions and answers the people's witness, Theresa Atzenhover, had given at a prior preliminary examination of the defendant.

Not all of these questions and answers were a part of the testimony in the case, and some related to an examination made pursuant to a different information. Defense counsel could have had the transcript of the testimony introduced in evidence, but he failed to do so. Since portions that defendant's counsel sought to use were not in evidence and were not a part of the record in this case, defendant had no right to read from the transcript in his argument to the jury. It follows that it was not error for the trial court to refuse to let him do so.

Defendant also alleges error because of the trial court's refusal to give a certain request to charge. The charge requested, in substance, pointed out to the jury that Theresa Atzenhover admitted having made previous statements denying any improper relations between herself and defendant, and also admitted that she had previously stated that she had had improper relations with defendant and that the reason she had changed her story was to keep from being sent back to the juvenile home. It was not necessary for the trial judge to point out specific conflicts in the testimony nor to review the testimony in detail in his charge to the jury. The defense is not entitled of right to have the judge comment upon the evidence or point out the weak points in the State's case so far as they involve questions of fact and not of law. *People* v. *Crawford,* 48 Mich 498. In reading the entire charge we find that it fairly and correctly presented the case to the jury.

We find no errors which would justify granting a new trial. The conviction and sentence of the lower court are affirmed.

DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.