PEOPLE v WILLIAMS

Docket No. 63994. Decided April 26, 1982. On application by the defendant for delayed leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the defendant's conviction and remanded the case for a new trial.

Andrew Williams was charged with second-degree murder. The Kent Circuit Court, John T. Letts, J., ruled before trial that if the defendant should testify, the prosecution would be permitted to impeach his credibility by establishing that he had been convicted of voluntary manslaughter in 1972 and of reckless discharge of a firearm resulting in death in 1967. The defendant did not testify, and a jury convicted him of voluntary manslaughter. The Court of Appeals, MacKenzie, P.J., and D. E. Holbrook, Jr., and Cynar, JJ., affirmed in an unpublished opinion per curiam (Docket No. 78-1147). The defendant applies for leave to appeal.

In a unanimous opinion per curiam, the Supreme Court held:

Among the factors to be considered in deciding whether to admit evidence of prior convictions for impeachment purposes are the nature of the prior offense, whether it was substantially the same conduct for which the accused is on trial, and the effect on the decisional process if the accused does not testify for fear of impeachment by prior convictions. In this case the 1972 voluntary manslaughter was very similar to the crime for which the defendant was being tried, second-degree murder. The 1967 conviction of reckless discharge of a firearm was simply not probative in this case for impeachment purposes.

The defendant's theory was self-defense, and, because of the other testimony in the case, the defendant's own testimony was crucial. The ruling on the admissibility of the prior convictions caused the defendant not to testify. The effect on the decisional process of the defendant's decision not to testify, along with the other factors militating against admission of the convictions, convinces the Court that the ruling was an abuse of discretion.

Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A.*

*Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Chief Appellate Attorney, for the people.

*George S. Buth* for defendant.

PER CURIAM. In this 1977 prosecution for second-degree murder the trial court ruled that if the defendant should testify, the prosecution would be permitted to impeach his credibility by establishing that he had been convicted of voluntary manslaughter in 1972 and of reckless discharge of a firearm resulting in death in 1967. We conclude that the trial court erred in ruling that the testimony of the defendant could be impeached by these prior convictions and that the result of this ruling was to deny the defendant a fair trial.

I

The defendant was tried before a jury on a charge of second-degree murder. He interposed a defense of self-defense and on November 30, 1977, he was convicted of voluntary manslaughter.

Prior to trial, defense counsel moved for suppression of reference to defendant's 1967 conviction of reckless discharge of a firearm resulting in death and his 1972 conviction of voluntary manslaughter. The trial court denied the motion. On the first day of trial defense counsel renewed the motion, although he cast it in different form:

"I would also like to make another motion for the record, your Honor. Approximately two weeks ago I filed a motion with the court to suppress Mr. Williams' prior conviction record if in fact he took the stand. The basis of my motion at that time was of the nature of the charges that he was convicted of that they would be

highly prejudicial and not lend any great weight as to credibility in this matter. The court ruled that the convictions would be admissible for credibility purposes.

"I would move at this time that pursuant to the court's ruling that if he takes the stand that the question as to the prior convictions be as to whether or not he's ever been convicted of a felony and not mention the nature of the felonies. Because I, again, feel that the nature of the felonies are not fraud, larceny, perjury; they don't go to the truthfulness itself. And I believe that they are highly prejudicial if the jury was to hear the nature of these other charges so that they would not use them for credibility, but that they would use them for some plan or design or other purpose that they are not going to be admitted for.

"I would ask for a ruling on that at this time, at least before the defense proceeds with this case.

"*The Court:* Well, I would deny your motion. The credibility as to whether or not what he's saying is to be believed in the light of his general character, I presume. I don't know what is in the mind of the jury. But, as I understand it, your defense is one of self-defense, and I think a jury can weigh that and determine whatever happened as far as this crime was concerned.

"These crimes that were committed previously, those are in the past and I think the cautionary instruction to the jury as to how they are being received would be sufficient to warn the jury that they're not to consider that as a part of this crime.

"I would deny your motion. I've denied it previously, and I think I'm correct in doing it at this time."

The trial proceeded and the defendant did not testify. Defense counsel subsequently stated on the record that the defendant would not testify in light of the court's ruling concerning impeachment by prior convictions.

## II

The defendant pursued an appeal to the Court of

Appeals. On appeal he raised as his only issue the question of the propriety of the trial court's ruling with regard to impeachment by prior convictions. The Court of Appeals affirmed in an unpublished per curiam opinion:

"We are unable to conclude that the trial court erred in ruling that the prior convictions were admissible. A review of the record indicates that the admissibility of the prior convictions was considered by the court on three separate occasions and that the court weighed the prejudicial aspects against the probative aspects. The trial court indicated that evidence relating to defendant's credibility would be valuable in light of defendant's self-defense theory. Further, the trial court stated that a cautionary instruction would be given to the jury, and thus the jury would be sufficiently informed of the proper use of the evidence. Finally, we note that the factor of similarity between the prior convictions and the charged offense, although important, does not by itself mandate that the evidence be withheld. See *People v Kelly,* 66 Mich App 634; 239 NW2d 691 (1976), where this Court upheld the admission of prior convictions similar to the charged offense because of the importance of the determination of defendant's credibility to that case."

## III

The defendant was tried prior to the adoption of the Michigan Rules of Evidence. However, standards for deciding whether to admit evidence of prior convictions for impeachment purposes had been articulated long before this defendant's trial. In *People v Jackson,* 391 Mich 323, 333; 217 NW2d 22 (1974), this Court ruled:

"Among the factors to be considered are the nature of the prior offense, whether it is for substantially the

same conduct for which the accused is on trial, and the effect on the decisional process if the accused does not testify from fear of impeachment by prior convictions."

We conclude that on the basis of above-quoted criteria neither of the defendant's prior convictions should have been admitted for impeachment purposes. The 1972 voluntary manslaughter conviction was very similar to the crime for which the defendant was being tried—second-degree murder. See *People v Baldwin,* 405 Mich 550; 275 NW2d 253 (1979). The defendant was ultimately convicted once again of voluntary manslaughter. In addition, the 1967 conviction of reckless discharge of a firearm resulting in death simply was not probative in this case for impeachment purposes.

Finally, but most importantly, we believe that the ruling on this point caused the defendant not to testify. In this case the "effect on the decisional process if the accused does not testify from fear of impeachment by prior convictions" was so great that we conclude that the trial court abused its discretion in ruling that the prior convictions could be used for impeachment.

The prosecution's evidence tended to establish that, after a dispute over payment for the purchase of some liquor, the deceased, James Peoples, threw a rock or piece of concrete through the bedroom window of the defendant. Virtually simultaneously or a few seconds thereafter (the testimony was conflicting), a shotgun blast emanated from the defendant's bedroom, killing Peoples. Statements, purportedly made by the defendant, were introduced to establish that the shooting was in response to the rock-throwing by Peoples. A statement by defendant that the shooting was in response to an unknown assailant was also introduced.

The defendant's theory was self-defense. His wife testified that the defendant had been threatened by Abdul Hassen, one of the persons who had been drinking with the defendant and Peoples. In addition, a neighbor testified that she had observed Peoples and Hassen trying to kick in the defendant's door and shouting obscenities. She then heard the defendant's wife say "Don't throw that rock" and about seven seconds later she heard a shot.

In circumstances such as these it is obvious that the defendant's own testimony would be crucial. The effect on the decisional process of the defendant's decision not to testify, coupled with the other factors militating against admission which we have previously discussed, convinces us that the trial court abused its discretion in ruling that the defendant's prior convictions would be admissible for impeachment purposes.

Accordingly, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the defendant's conviction and we remand the case to the Kent Circuit Court for a new trial.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.