PEOPLE v RUSH

Docket Nos. 44487, 44684. Submitted April 8, 1982, at Lansing.—
Decided July 20, 1982.

Geraldine Rush was convicted by a jury in the Ingham Circuit
Court, Thomas L. Brown, J., of assault with intent to do great
bodily harm less than murder and larceny in a building. After
the jury returned its verdict, the trial judge granted the defen-
dant's motion to dismiss the assault charge. Defendant was
then convicted, after a bench trial, of being a habitual offender
and was sentenced to a term of 5 to 15 years imprisonment.
The defendant appeals from each of her convictions and the
people appeal from the trial court's order dismissing the as-
sault charge. *Held:*

1. The trial court did not abuse its discretion in refusing to
suppress the use of defendant's six prior larceny convictions for
impeachment purposes; the convictions for larceny in a build-
ing were probative of the defendant's credibility.

2. The Court urges the trial courts of the state to exercise
their discretion to limit the impeachment by way of a similar
crime to a single conviction. Nevertheless, here the Court does
not conclude that the trial court's failure to so limit impeach-
ment constituted an abuse of discretion especially since defense
counsel never asked the court to limit impeachment to only one
conviction.

3. Defendant was afforded fair notice of the habitual offender
charge under the circumstances of this case. The prosecutor
filed the supplemental information a month after the original
charges, however, seven more weeks elapsed before defendant
went to trial.

4. The prosecution did not abuse its discretion by charging
defendant with larceny in a building rather than shoplifting.

5. The prosecution's appeal, based on the contention that the

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 320, 327.
[2] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 19.
[3] 4 Am Jur 2d, Appeal and Error § 110.
   75 Am Jur 2d, Trial § 466.

trial court abused its discretion by granting defendant's motion for dismissal of the assault charge, must be dismissed since the Legislature has not provided express statutory authorization for such an appeal by the prosecutor.

Affirmed.

1. CRIMINAL LAW — TRIAL — EVIDENCE — PRIOR CONVICTIONS — PROBATIVE VALUE.

A trial court's admission of evidence of a defendant's prior conviction of a crime that is similar to the crime that the defendant is currently accused of committing constitutes an abuse of discretion where the prior conviction is only marginally probative of the defendant's credibility and where the admission of evidence of the prior conviction prevents the defendant from testifying in his own behalf.

2. CRIMINAL LAW — SUPPLEMENTAL INFORMATION — HABITUAL OFFENDERS — FAIR NOTICE.

The prosecution is not required to file a supplemental information charging a criminal defendant with being a habitual offender at the same time that it files the information charging the underlying felony; however, fair notice of the habitual offender charge must be afforded the defendant.

3. CRIMINAL LAW — DIRECTED VERDICTS — APPEAL — STATUTORY AUTHORIZATION.

The Legislature has not provided express statutory authorization for an appeal by the people from a trial court's order granting a defendant's motion for dismissal of a charge (MCL 770.12; MSA 28.1109).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, *Janis L. Blough,* Chief Appellate Attorney, and *Susan K. Marshall,* Assistant Prosecuting Attorney, for the people.

*P. E. Bennett,* Assistant State Appellate Defender, for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and R. M. MAHER and K. B. GLASER,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Per Curiam. Defendant was convicted by a jury of assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, and larceny in a building, MCL 750.360; MSA 28.592. After the jury returned its verdict, the trial court granted defendant's motion to dismiss the assault charge. Defendant was then convicted, after a bench trial, of being a habitual offender, MCL 769.12; MSA 28.1084, and was sentenced to a term of 5 to 15 years imprisonment. Defendant appeals as of right from each of her convictions, and the people appeal from the trial court's order dismissing the assault charge.

Defendant was observed carrying a big pile of clothing into a fitting room at Sears and emerging shortly thereafter carrrying three large Sears sacks which were stapled shut with white tags stapled to the outside. When the security force attempted to apprehend her, she did not go quietly. She threatened a female security guard with an axe that she picked up from a shelf. After she was taken into custody, she struck the same security guard in the head with one of her sandals, which was made of light wood with a foam rubber sole. The wound defendant inflicted required four stitches.

On appeal, defendant initially contends that the trial court abused its discretion by denying defendant's motion to prevent the prosecution from introducing, for impeachment purposes, evidence of her six prior convictions of larceny in a building. As a result of the denial of this motion, defendant did not testify.

In *People v Baldwin,* 405 Mich 550, 553; 275 NW2d 253 (1979), the Supreme Court quoted the following passage from *Gordon v United States,* 127 US App DC 343, 347; 383 F2d 936, 940 (1967):

" 'A special and even more difficult problem arises when the prior conviction is for the same or substantially the same conduct for which the accused is on trial. Where multiple convictions of various kinds can be shown, strong reasons arise for excluding those which are for the same crime because of the inevitable pressure on lay jurors to believe that 'if he did it before he probably did so this time.' As a general guide, those convictions which are for the same crime should be admitted sparingly; one solution might well be that discretion be exercised to limit the impeachment by way of a similar crime to a single conviction and then only when the circumstances indicate strong reasons for disclosure, and where the conviction directly relates to veracity.' "

In accordance with the *Baldwin* dictum, we urge the trial courts of this state to exercise their discretion to limit the impeachment by way of a similar crime to a single conviction. Nevertheless, in the case at bar, we cannot conclude that the trial court's failure to so limit impeachment constituted an abuse of discretion. The record shows that defense counsel never asked the trial court to limit impeachment to only one conviction (in the event that the court refused to suppress them all). Rather, defense counsel opted for an "all-or-nothing" strategy—perhaps because he had decided not to put his client on the stand unless the trial court agreed to suppress all of her prior convictions. We are unwilling to conclude that the trial court erred by failing to exercise its discretion in a manner never specifically requested by defense counsel.[1]

In *People v Williams,* 413 Mich 72; 318 NW2d

---

[1] We note that defense counsel made a less than subtle attempt to build a record for reversal with respect to the trial court's denial of the motion to suppress prior convictions:

"*[Defense counsel]:* Is it the court's ruling that these past convictions because they occurred within the past ten years should be automatically admitted?

462 (1982), the Supreme Court indicated that the admission, by the trial court, of evidence of a defendant's conviction of a crime that is similar to the crime that the defendant is currently accused of committing constitutes an abuse of discretion where the *prior conviction is only marginally probative* of the defendant's credibility, and where admission of evidence of the prior conviction prevents the defendant from testifying in his own behalf. We find the present case readily distinguishable. Convictions of larceny in a building are much more probative of a witness's credibility than convictions of voluntary manslaughter and reckless discharge of a firearm (the crimes admitted in the *Williams* case).

We conclude that the trial court did not abuse its discretion in refusing to suppress the use of defendant's six prior larceny convictions for impeachment purposes.

Defendant also contends that she did not receive fair notice of the habitual offender charge, in accordance with *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979). The Supreme Court has recently declared that *Fountain* does not require the prosecution to file the supplemental information at the same time that it files the information charging the underlying felony. *People v Shelton,* 412 Mich 565; 315 NW2d 537 (1982). In the instant case, although the prosecution did not file the supplemental information until a month after the filing of the original charges, seven more weeks elapsed before defendant went to trial. We find that under the circumstances of this case, defen-

---

*"The Court:* No, that is not my ruling at all, [counsel]. Did you listen to what I was saying?

*"[Counsel]:* Very intently, your Honor."

Although we are ordinarily reluctant to penalize a defendant for his attorney's failure to take appropriate action, we are convinced that defense counsel in the instant case knew exactly what he was doing.

dant was afforded fair notice of the habitual offender charge.

Defendant also contends that the prosecution's decision to charge her with larceny in a building rather than shoplifting constituted an abuse of discretion. A split of authority has developed on this issue. Compare *People v Carmichael,* 86 Mich App 418; 272 NW2d 667 (1978), with *People v Evans,* 94 Mich App 4; 287 NW2d 608 (1979), *People v Hart,* 98 Mich App 273; 296 NW2d 235 (1980), and *People v Ditto,* 110 Mich App 654; 313 NW2d 177 (1981). See also *In re Bay County Prosecutor,* 102 Mich App 543; 302 NW2d 225 (1980). We need not join the debate at this point, since we have concluded that no abuse of discretion has been shown in the instant case. Defendant is not a child caught filching a candy bar; nor is defendant a desperate mother driven to steal a loaf of bread to feed her hungry children. Rather, defendant is an experienced professional thief who was caught red-handed trying to steal $363 worth of clothing. The prosecution did not abuse its discretion by charging her with larceny in a building.

We believe that defendant received a fair trial and, accordingly, we affirm her convictions of larceny in a building and of being a habitual offender.

The prosecution contends on appeal that the trial court abused its discretion by granting defendant's motion for a dismissal of the charge of assault with intent to do great bodily harm less than murder. Be that as it may, the Legislature has apparently neglected to provide express statutory authorization for such an appeal by the prosecution. See MCL 770.12; MSA 28.1109. Hence, the prosecution's appeal must be dismissed. See *People v Cooke,* 113 Mich App 272; 317 NW2d 594 (1982).

Affirmed.