PEOPLE v PEDRIN

Docket No. 67017. Submitted October 5, 1983, at Lansing.—Decided October 25, 1983. Leave to appeal applied for.

Jeffrey A. Pedrin was convicted of breaking and entering an unoccupied building with intent to commit larceny by a jury in Luce Circuit Court and was sentenced, William F. Hood, J. Defendant appealed. *Held:*

The trial court did not err in permitting the prosecutor to impeach defendant's credibility by the use of evidence of a prior breaking and entering conviction.

Affirmed.

1. Evidence — Prior Convictions — Impeachment.

Evidence of prior convictions may be used to impeach a testifying witness if the trial court, in an exercise of its discretion, determines that the probative value of admitting the evidence on the issue of credibility outweighs its prejudicial effect and articulates on the record the factors considered in making the determination (MRE 609).

2. Evidence — Prior Convictions — Impeachment.

The factors to be considered in deciding whether to admit evidence of prior convictions for impeachment purposes are: (1) the nature of the prior offense; (2) whether the prior offense is for substantially the same conduct for which the accused is on trial; and (3) the effect on the decisional process if the accused does not testify from fear of impeachment by prior convictions.

3. Evidence — Prior Convictions — Theft — Impeachment.

Evidence of convictions involving theft is especially probative on the issue of who is telling the truth and is, therefore, admissible for impeachment purposes.

4. Evidence — Prior Convictions — Impeachment.

The similarity of a prior conviction and the charged offense is a

REFERENCES FOR POINTS IN HEADNOTES
[1-4] 29 Am Jur 2d, Evidence § 327.
    81 Am Jur 2d, Witnesses § 569.
[4] 29 Am Jur 2d, Evidence § 320.

factor weighing against the admissibility of evidence of the prior conviction; however, a trial court still has discretion to allow impeachment by evidence of an identical prior conviction if there is reason to conclude that the probative value of the conviction outweighs the prejudicial effect.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James P. Hoy,* Prosecuting Attorney, and *Jann Ryan Baugh,* Assistant Attorney General, for the people.

State Appellate Defender (by *Rolf E. Berg),* for defendant on appeal.

Before: ALLEN, P.J., and BEASLEY and M. E. CLEMENTS,* JJ.

PER CURIAM. Defendant, Jeffrey Allen Pedrin, was convicted by a jury of breaking and entering an unoccupied building with intent to commit larceny, contrary to MCL 750.110; MSA 28.305. Defendant was sentenced to serve not less than four nor more than ten years in prison. He now appeals as of right, raising one issue; namely, that the trial court erred in permitting the prosecutor to impeach defendant's credibility by the use of evidence of a prior breaking and entering conviction.

Prior to trial, the prosecutor filed a motion seeking permission to impeach defendant by the use of his prior conviction for a similar offense. Defendant was released from prison for time served for the previous offense on June 7, 1982, and went to his father's home outside of Newberry, Michigan, in the upper peninsula. Defendant was arrested between 8:15 and 8:30 a.m. on June 8, 1982, while sleeping on the front porch of his ex-wife's home. The police came to that loca-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tion when called by his ex-wife, who testified that defendant had come to her home around 6 a.m. and attempted to open the door. She testified that she talked with him and that he told her that he "just took a car". She further testified that when he lay down on the front porch and went to sleep, she called the police.

There was testimony of an automobile dealer that a 1983 Ranger pickup truck was stolen from his garage during the night of June 7, 1982. A state trooper testified that he found the truck ignition key in the yard of defendant's ex-wife, approximately 50 feet from the sidewalk and 10 to 15 feet from the side porch of defendant's ex-wife's home. The stolen pickup truck was found parked one and three-quarters blocks away from the home of defendant's ex-wife.

The trial judge heard oral argument on the prosecutor's motion, recognized on the record that it was within his discretion whether or not to permit impeachment by the use of evidence of the prior conviction, and stated that he realized that the similarity of the previous conviction with the offense here charged against defendant militated against admission of such evidence for impeachment, but that he concluded that, since the previous offense involved dishonesty, he was going to permit its use for impeachment.

Defendant claims that he then chose not to testify for fear that the jury would assume that, because he had previously committed a breaking and entering with intent to commit larceny of jewelry, he was a "bad man" and, therefore, guilty of the breaking and entering here charged. Thus, a classical and typical impeachment by prior conviction issue is raised.

Prior convictions may be used to impeach a

testifying witness if the trial court, in an exercise of its discretion, determines that "the probative value of admitting this evidence on the issue of credibility outweighs its prejudicial effect and articulates on the record the factors considered in making the determination".[1]

The discretion of the trial court is limited by the guidelines articulated in *People v Jackson.*[2] The factors to be considered are: (1) the nature of the prior offense, (2) whether the prior offense is for substantially the same conduct for which the accused is on trial, and (3) the effect on the decisional process if the accused does not testify from fear of impeachment by prior convictions. An appellate court will scrutinize the trial court's application of these factors.[3]

The trial court found that the nature of the prior offense, theft, weighed in favor of its admissibility. Defendant argues that the prior larceny conviction does not directly relate to veracity. This Court, however, has indicated that convictions involving theft are especially probative on the issue of who is telling the truth.[4]

Defendant's previous conviction, breaking and entering with intent to commit larceny, was the same offense as that with which he was charged in the present action. As the trial court recognized, similarity is a factor weighing against admissibility.[5] The inherent danger of admitting evidence of a conviction for the same offense is that the jury will consider the prior conviction as direct evi-

[1] MRE 609; *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974).

[2] *Jackson, supra,* p 333. For a similar analysis, see *People v Crawford,* 83 Mich App 35; 268 NW2d 275 (1978).

[3] See *People v Williams,* 413 Mich 72; 318 NW2d 462 (1982).

[4] *People v Jones,* 98 Mich App 421, 432; 296 NW2d 268 (1980); *People v Kelly,* 66 Mich App 634; 239 NW2d 691 (1976).

[5] *People v Baldwin,* 405 Mich 550, 553; 275 NW2d 253 (1979).

dence of guilt rather than an impeachment of the credibility of the defendant.[6] Nevertheless, the rule is not invariable. On the contrary, the trial court still has discretion to allow impeachment by evidence of an identical prior conviction if there is reason to conclude that the probative value of the conviction outweighs the prejudicial effect.[7]

At the suppression hearing, defense counsel indicated that defendant said he wished to take the stand so he could explain that he hitchhiked from Newberry to Munising and did not drive the stolen pickup truck there. Although the trial court recognized that defendant had no apparent alternative means of presenting this claimed defense and that this fact militated against his impeachment by the prior conviction, the court gave more weight to the fact that if defendant did testify he would be telling an unsupported story and his credibility, therefore, would be a critical issue.

As defendant aptly notes, in every case where a defendant has no alternative means of presenting a defense, credibility will be important. The prior conviction in this case was highly probative on the issue of credibility. It was a theft offense, the only difference being that in the prior conviction defendant was convicted of stealing jewelry and in the present case he was accused of stealing an automobile. The fact that the prior conviction was very close in time to the present charge enhances its probative value.

At the suppression hearing, the trial court indicated on the record that it weighed the three factors articulated in *Jackson, supra:*

---

[6] *People v Cash,* 80 Mich App 623; 264 NW2d 78 (1978), *rev'd on other grounds* 406 Mich 930; 277 NW2d 334 (1979).

[7] *People v Moss,* 113 Mich App 626, 628; 318 NW2d 501 (1982); *People v Coward,* 111 Mich App 55, 66; 315 NW2d 144 (1981), *lv den* 417 Mich 873 (1983).

"*The Court:* Well, I'm going to grant the motion to allow impeachment of the defendant by proof on cross examination of his conviction of the breaking and entering charge. I recognize that the court has discretion to grant or deny the use of that criminal record for impeachment purposes, and that here the similarity of that charge with the charge for which the defendant will be tried, militates against such impeachment. But the conviction is for an offense that involved moral turpitude, dishonesty, and does, or is, probated *[sic]* on the matter of credibility; and credibility will be very much an issue. I recognize also that according to defense counsel defendant has no alternative way of presenting his defense, other than his own testimony, and that this militates against impeachment by his criminal record. But I, nevertheless, feel that the probative value outweighs the prejudicial effect and I grant the motion."

The third factor, the effect of the accused's decision not to testify from fear of impeachment by prior conviction, is not significant in this case. In *People v Williams*,[8] the Michigan Supreme Court found that the trial judge had abused his discretion in admitting evidence of two prior convictions for impeachment purposes, which caused defendant not to testify. However, in the *Williams* case, the prior conviction that the court found most prejudicial—voluntary manslaughter when the defendant was being tried for second-degree murder—was not, as in this case, a theft offense, which the trial judge in the instant case believed did have direct bearing on defendant's credibility and truthfulness. That is not to say that all theft offenses will be so probative of veracity that they will outweigh the prejudicial impact of admitting evidence of conviction for similar crimes.

In this particular case, where the previous con-

---

[8] *Williams, supra.*

viction for the same offense was within one year of the present offense and the trial judge discussed the *Jackson, supra,* factors on the record, clearly recognizing his discretion and both the probative and prejudicial value of the evidence, his decision to admit the evidence was not an abuse of that discretion.

Affirmed.