## PEOPLE v STOKES

Docket No. 63478. Submitted October 7, 1983, at Detroit.—Decided March 22, 1984. Leave to appeal applied for.

Anthony R. Stokes was charged with assault with intent to commit murder and convicted of assault with intent to do great bodily harm less than murder, Recorder's Court of Detroit, Robert L. Evans, J. Defendant appealed, alleging abuse of discretion in allowing the admission of evidence of a prior conviction of assault with intent to commit murder and in finding that the prosecutor had exercised due diligence in attempting to produce an alleged res gestae witness. He also claimed that certain jury instructions were wrong. *Held:*

1. Similarity between a prior conviction and a charged crime does not, per se, bar the use of evidence of the prior conviction for impeachment purposes. Where similarity weighs against admission, the prejudicial effect of that evidence must be balanced against two other factors: the extent to which conviction of the crime is probative of credibility and the effect of admission of the evidence on defendant's decision not to testify. While the evidence was not probative of credibility, defendant did testify knowing the evidence would be admitted. The Court of Appeals found no abuse of discretion.

2. The prosecution may be excused from its obligation to produce a res gestae witness upon a showing of due diligence in the search for such witness. Due diligence means doing everything reasonable, not everything possible. The trial court did not abuse its discretion in finding that the prosecutor had exercised due diligence.

3. Since the alleged instructional errors were not preserved for appeal by an objection, the Court of Appeals would not consider them, finding no manifest injustice.

Affirmed.

References for Points in Headnotes

[1] 29 Am Jur 2d, Evidence §§ 320, 321, 327.

   81 Am Jur 2d, Witnesses § 582.

[2] 63A Am Jur 2d, Prosecuting Attorneys § 27.

   81 Am Jur 2d, Witness § 2.

[3] 75 Am Jur 2d, Trial §§ 876, 877, 923.

1. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — IMPEACH-
MENT.

Similarity between a prior conviction and a charged crime does
not, per se, bar the use of evidence of the prior conviction for
impeachment purposes; where similarity weighs against admis-
sion, the prejudicial effect of that evidence must be balanced
against two other factors: the extent to which conviction of the
crime is probative of credibility and the effect of admission of
the evidence on defendant's decision not to testify.

2. CRIMINAL LAW — RES GESTAE WITNESSES.

The prosecution may be excused from its obligation to produce a
res gestae witness upon a showing of due diligence in the
search for such witness; due diligence means doing everything
reasonable, not everything possible.

3. CRIMINAL LAW — JURY INSTRUCTIONS — MANIFEST INJUSTICE.

No manifest injustice results from a trial court's improper in-
struction on a lesser included offense where the jury convicts
the defendant of a greater offense for which the instruction was
proper.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Dep-
uty Chief, Civil and Appeals, and *Rosemary A.
Gordon,* Assistant Prosecuting Attorney, for the
people.

State Appellate Defender (by *Chari Grove),* for
defendant on appeal.

Before: M. J. KELLY, P.J., and HOOD and SHEP-
HERD, JJ.

PER CURIAM. Defendant was charged with as-
sault with intent to commit murder, MCL 750.83;
MSA 28.278. Following a jury trial, defendant was
convicted of the lesser offense of assault with
intent to do great bodily harm less than murder,
MCL 750.84; MSA 28.279. He was sentenced to a
term of from 6 to 10 years in prison and appeals

as of right. Several issues are raised on appeal, none of which require reversal.

Defendant first argues that the trial court abused its discretion in admitting for impeachment purposes evidence of his 1977 conviction of assault with intent to commit murder, MCL 750.83; MSA 28.278. We find, however, that the trial court exercised its discretion on the record as required under MRE 609(a) by considering the probative nature of the evidence as well as the fact that the prior conviction was for a crime identical to the crime charged. Moreover, while we recognize that another trial judge may have excluded, in the proper exercise of his or her discretion, the same prior conviction evidence, we cannot say that the trial court's decision here constitutes an abuse of discretion. *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974).

The admission of evidence of a defendant's prior conviction for a crime similar or identical to the crime charged does not per se result in reversible error. *People v Pedrin,* 130 Mich App 86; 343 NW2d 243 (1983); *People v Carpenter,* 120 Mich App 574, 581; 327 NW2d 523 (1982); *People v Monasterski,* 105 Mich App 645, 655; 307 NW2d 394 (1981), *lv den* 411 Mich 1017 (1981). Where similarity weighs against admission, the prejudicial effect of that evidence must be balanced against two other factors: the extent to which the crime is probative of credibility and the effect of admission of the evidence on defendant's decision not to testify. *People v Williams,* 413 Mich 72; 318 NW2d 462 (1982); *People v Rush,* 118 Mich App 236, 239-240; 324 NW2d 586 (1982). While in this case the prior conviction did not involve a crime of theft and was therefore not actually probative of defendant's credibility, defendant did testify at trial knowing that the evidence would be admitted. The fact that the trial court's decision had no apparent effect on defendant's

decision to testify distinguishes this case from *People v Williams, supra,* upon which defendant relies in arguing that reversal is mandated. We further note that, while there is some suggestion that defendant's prior conviction was not for the crime of assault with intent to commit murder, defense counsel stipulated on the record that such was the nature of the conviction. We will not allow defendant to obtain reversal on error intentionally introduced into the record.

Defendant secondly contends that the trial court abused its discretion in finding that the prosecution had exercised due diligence in attempting to produce an alleged res gestae witness at trial. During the testimony of a prosecution witness, the police and prosecutor were first made aware of the presence at the scene of the crime of a man known only as "Bull". Upon being informed by the witness that "Bull" frequently played basketball at the Kronk Center, the police went to the center that evening and questioned several people, including the director, with no success. On the next day of trial, the defendant moved for and was granted a due diligence hearing, following which the trial court ruled that the prosecution had exercised due diligence in attempting to locate the missing witness.

We find no abuse of discretion in the trial court's finding of due diligence. Although the police did not make inquiries at a house allegedly visited on occasion by "Bull", the prosecution is required to do everything reasonable, rather than everything possible, in locating a res gestae witness. *People v Joseph LeFlore (After Remand),* 122 Mich App 314, 318; 333 NW2d 47 (1983); *People v Moreno,* 112 Mich App 631, 637; 317 NW2d 201 (1981). We agree with the trial court that the

prosecution did everything reasonable in this case to locate "Bull".

Finally, defendant objects to several alleged instructional errors which he contends resulted in reversible error. Inasmuch as defendant failed to preserve any of these issues by objecting at trial, we will not consider them on appeal absent a showing of manifest injustice. *People v Sommerville,* 100 Mich App 470, 479; 299 NW2d 387 (1980), *lv den* 417 Mich 1022 (1983). We are not persuaded that instructional error resulted in manifest injustice in this case.

Viewing the instructions in their entirety, *People v Dupie,* 395 Mich 483, 488; 236 NW2d 494 (1975), we first find that the court did not erroneously instruct on the prosecution's burden of proving that defendant did not act in self-defense. *People v Jackson,* 390 Mich 621; 212 NW2d 918 (1973). While the trial court's introduction to the theory of self-defense could have been better stated, the clear message of the instruction is that "[i]t is not for Mr. Stokes to prove to you beyond a reasonable doubt that he acted in self-defense, it is for the prosecution to prove that he did not".

While the trial court failed to properly instruct the jury on the intent required to convict on felonious assault, see *People v Joeseype Johnson,* 407 Mich 196; 284 NW2d 718 (1979), we find no manifest injustice inasmuch as defendant was convicted of a greater offense.

Although the trial court did not precisely state that one element of assault is the present ability of defendant to commit violence against the complainant, that message is clearly apparent from the trial court's instruction when read as a whole. The trial court explained that an example of an offer of violence is a person raising a fist at an-

other person who is standing nearby. Given the undisputed facts that defendant possessed a knife at the time of the assault and that defendant and the complainant stood in close proximity to each other, we find no manifest injustice in the trial court's omission of the present ability language.

Finally, we find no manifest injustice in the trial court's instruction on guilt beyond a reasonable doubt. While there appears to be one isolated misstatement in the instruction, the instruction in its entirety is accurate and consistently refers to the jury's duty to acquit defendant unless guilt is proven beyond a reasonable doubt.

Affirmed.