PEOPLE v COPE

Docket No. 108382. Submitted May 2, 1988, at Lansing. Decided June 20, 1988.

Palmer G. Cope was convicted, following a jury trial in the Washtenaw Circuit Court, of third-degree criminal sexual conduct. The trial court, Patrick J. Conlin, J., sentenced defendant to ten to fifteen years imprisonment. Defendant appealed, alleging error occurred when the trial court allowed defendant to be impeached with evidence of a 1976 Ohio conviction for gross sexual imposition. Defendant also alleged that the verdict was against the great weight of the evidence. The Court of Appeals affirmed, unpublished opinion per curiam, decided February 14, 1985 (Docket No. 70305). Defendant sought leave to appeal and the Supreme Court, in lieu of granting leave to appeal, vacated the opinion of the Court of Appeals and remanded the case to the Court of Appeals for reconsideration in light of its recent decision in *People v Allen,* 429 Mich 558 (1988). 430 Mich 871 (1988).

The Court of Appeals, on remand, *held:*

The trial court abused its discretion in admitting evidence of the gross sexual imposition conviction for impeachment purposes. The error was, however, harmless beyond a reasonable doubt. The verdict was not against the great weight of the evidence.

Affirmed.

M. J. KELLY, J., dissented. It is his belief that the error in admitting the evidence was not harmless beyond a reasonable doubt, and requires reversal.

APPEAL — EVIDENCE — CRIMINAL LAW — PRIOR CONVICTIONS — IMPEACHMENT.

A trial court's erroneous admission of evidence of a defendant's prior conviction for impeachment purposes may be determined

REFERENCES

Am Jur 2d, Criminal Law §§ 525 *et seq.,* 942, 964.

Am Jur 2d, Evidence §§ 327, 1175.

Adequacy of defense counsel's representation of criminal client regarding prior cconvictions. 14 ALR4th 227.

not to require reversal where, having reviewed the entire record, the Court of Appeals determines that the error was harmless beyond a reasonable doubt.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* First Assistant Prosecuting Attorney, for the people.

*Dale J. Crowe,* for defendant on appeal.

Before: J. H. Gillis, P.J., and M. J. Kelly and Cynar, JJ.

J. H. Gillis, P.J. Following a jury trial, defendant was convicted of third-degree criminal sexual conduct, MCL 750.520d(1)(a); MSA 28.788(4)(1)(a). Defendant was sentenced to ten to fifteen years imprisonment. Defendant appealed as of right, claiming that the trial court abused its discretion when it allowed him to be impeached by evidence of his 1976 Ohio conviction for gross sexual imposition and that the verdict was against the great weight of the evidence. This Court affirmed defendant's conviction. *People v Cope,* unpublished opinion per curiam of the Court of Appeals, decided February 14, 1985 (Docket No. 70305). Defendant sought leave to appeal and our Supreme Court, in lieu of granting leave to appeal, vacated our opinion and remanded this case to us for reconsideration in light of its recent decision in *People v Allen,* 429 Mich 558; 420 NW2d 499 (1988). *People v Cope,* 430 Mich 871; 421 NW2d 917 (1988). We affirm.

As noted above, defendant was charged with third-degree criminal sexual conduct. Defendant had three prior convictions: (1) a Michigan third-degree csc conviction in 1978, (2) an Ohio unarmed robbery conviction in 1976, and (3) an Ohio gross sexual imposition conviction in 1976. Defendant's

trial was held in October, 1982. The trial court suppressed evidence of defendant's third-degree CSC conviction, but allowed him to be impeached with evidence of the Ohio convictions. Defendant only challenges the trial court's decision to admit evidence of the gross sexual imposition conviction. We note that at trial defendant testified on direct examination that the gross sexual imposition conviction was related to the robbery incident and was not a rape charge. Defendant and defendant's witnesses testified that defendant was not with the victim when the crime occurred or that defendant was not alone with the victim long enough for the crime to occur. The prosecution's witnesses' testimony indicated that defendant had been alone with the victim long enough for the crime to occur. The fourteen-year-old victim had a vaginal bruise consistent with forcible intercourse and one nonmotile sperm was found. The victim was not examined until the day following the assault and the examining physician testified that sperm could live for seventy-two hours. Defendant hypothesized that the victim had had intercourse with someone else.

Applying the clarified balancing test in *Allen* to these facts, we find that the trial court abused its discretion in admitting evidence of the gross sexual imposition conviction for impeachment purposes. Nevertheless, having reviewed the entire record, we believe that this error was harmless beyond a reasonable doubt.

Our opinion concerning the great weight of the evidence issue remains unchanged.

Affirmed.

CYNAR, J., concurred.

M. J. KELLY, J. *(dissenting)*. As I said in my

concurrence in the original ruling of this Court released February 14, 1985, reversal would have been required if the defendant had chosen not to testify in the face of the trial court's ruling. See *People v Williams,* 413 Mich 72; 318 NW2d 462 (1982).

Since the majority now finds an abuse of discretion applying the "clarified balancing test" in *People v Allen,* 429 Mich 558; 420 NW2d 499 (1988), I believe that the error in admitting the evidence requires reversal. I do not believe it was harmless beyond a reasonable doubt. The defendant testified that he did not have sexual intercourse with the victim, the victim testified that she had sexual intercourse with defendant on two occasions that day. Other witnesses differed in their versions of the events surrounding the question of access, and when the victim first took the stand she was unable to identify the defendant. After the courtroom was cleared, she did identify him and said she recognized him by the color of his hair. I cannot say the error was probably not outcome-determinative, let alone certainly or absolutely not.

I would reverse.