PEOPLE v CASEY

Docket No. 56260. Submitted July 13, 1982, at Detroit.—Decided September 13, 1982.

Dennis Casey, also known as Freeman Brown, was charged with three counts of first-degree criminal sexual conduct and one count of assault with intent to commit murder. He was convicted by a jury in the Detroit Recorder's Court, Henry L. Heading, J., of assault with intent to commit great bodily harm less than murder. The trial court had dismissed the three counts of criminal sexual conduct after completion of the proofs. Defendant appeals, alleging error in the denial of his motion to suppress evidence of a previous conviction of felonious assault and in neglecting to charge the jury on the lesser offense of felonious assault. *Held:*

1. The trial court did not abuse its discretion by suppressing evidence of only one of defendant's two felony convictions. The trial court balanced the factors to be considered in determining whether evidence of prior convictions should be admissible to impeach a defendant's credibility.

2. It is proper for a trial court to allow a defendant to be cross-examined regarding his prior felony convictions where a conflict exists between the testimony of a pivotal witness and the defendant.

3. To preserve the issue of the trial court's ruling on the admissibility of evidence of his prior conviction the defendant must at least, by a statement of his attorney: (1) establish on the record that he will in fact take the stand and testify if the evidence of the challenged prior conviction is excluded; and (2)

REFERENCES FOR POINTS IN HEADNOTES

[1] 81 Am Jur 2d, Witnesses § 569.
[2] 81 Am Jur 2d, Witnesses §§ 569, 571.
[3] 81 Am Jur 2d, Witnesses § 582.
[4] 4 Am Jur 2d, Appeal and Error § 517.
    5 Am Jur 2d, Appeal and Error §§ 601-604.
    81 Am Jur 2d, Witnesses § 588.
[5] 40 Am Jur 2d, Homicide §§ 511, 525.
    75 Am Jur 2d, Trial § 876.
[6] 5 Am Jur 2d, Appeal and Error § 623.

sufficiently outline the nature of his testimony so that the trial court, and the Court of Appeals, can do the necessary balancing contemplated by the rules of evidence. Defendant did not do either in this case.

4. A trial judge may instruct *sua sponte* on a lesser included offense if the evidence adduced at trial would warrant conviction of the lesser charge and defendant has been afforded fair notice of those lesser included offenses; however, he is not required to do so unless defendant is charged with first-degree murder. Therefore, the trial court did not err in failing to give the instruction on felonious assault since defendant did not request it or object to the instructions which were given.

5. The jury was fairly and correctly instructed. Manifest injustice not being shown, defendant's failure to object to the jury instructions precludes appellate review.

Affirmed.

1. CRIMINAL LAW — IMPEACHMENT — EVIDENCE — PRIOR CONVICTIONS.

The decision to permit the impeachment of a defendant by evidence of prior convictions is within the trial court's discretion.

2. CRIMINAL LAW — IMPEACHMENT — EVIDENCE — PRIOR CONVICTIONS.

The factors to be considered by a trial court in deciding whether to permit impeachment by evidence of prior convictions are: (1) the nature of the prior offense and its relation to the defendant's credibility, (2) whether it is for substantially the same conduct for which defendant is on trial, with closely similar offenses requiring careful examination because of the likelihood of prejudice, and (3) the effect on the decisional process if the defendant refrains from testifying out of fear of impeachment.

3. CRIMINAL LAW — IMPEACHMENT — CROSS-EXAMINATION — PRIOR CONVICTIONS.

It is proper for a trial court to allow a defendant to be cross-examined regarding his prior felony convictions where a conflict exists between the testimony of a pivotal witness and the defendant.

4. CRIMINAL LAW — APPEAL — EVIDENCE — PRIOR CONVICTIONS — IMPEACHMENT — PRESERVING QUESTION — RULES OF EVIDENCE.

A defendant must, to preserve the issue of the propriety of a trial court's ruling regarding the admissibility of evidence of the defendant's prior convictions for impeachment: (1) establish on

the record that he will in fact take the stand and testify if evidence of his challenged prior convictions is excluded, and (2) sufficiently outline the nature of his testimony so that the trial court, and the reviewing court, can do the necessary balancing contemplated in the rules of evidence (MRE 609).

5. CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED OFFENSES — MANDATORY INSTRUCTIONS — FIRST-DEGREE MURDER.

A trial judge may instruct *sua sponte* on a lesser included offense if the evidence adduced at trial would warrant conviction of the lesser offense and the defendant has been afforded fair notice of that lesser included offense, however, he is not required to do so unless the defendant is charged with first-degree murder.

6. CRIMINAL LAW — JURY INSTRUCTIONS — PRESERVING QUESTION — COURT RULES.

A defendant's failure to object to jury instructions precludes appellate review of the instructions, absent manifest injustice (GCR 1963, 516.2).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

*James M. Cohen,* for defendant on appeal.

Before: T. M. BURNS, P.J., and BEASLEY and C. W. SIMON,* JJ.

PER CURIAM. In a four-count information, defendant, Dennis Casey, was charged with three counts of first-degree criminal sexual conduct and one count of assault with intent to commit murder. On December 3, 1980, defendant was convicted by a jury of the lesser included offense of assault with intent to commit great bodily harm less than murder, in violation of MCL 750.84; MSA 28.279,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the trial court having dismissed the three counts of criminal sexual conduct after completion of proofs. After being sentenced to not less than five years nor more than ten years in prison, defendant appeals as of right, raising three issues.

First, defendant claims that it was error for the trial court to deny his motion to suppress evidence of a previous felony conviction. The record indicates that upon completion of the prosecutor's case, defendant brought a motion *in limine* to suppress evidence of his conviction for two previous felonies, one for manslaughter and the other for felonious assault. The record indicates defendant was convicted of manslaughter in 1968 and was released from prison in 1974. Later in 1974, defendant was convicted of felonious assault.

Earlier in the 1960's, defendant had been convicted of an assortment of assault and robbery offenses, but they were not involved in defendant's motion because the prosecutor did not propose to attempt to use them to impeach.

After hearing arguments, the trial court exercised discretion and granted the motion suppressing use of the manslaughter conviction to impeach, but denied it with respect to the felonious assault conviction.

MRE 609(a) provides:

"(a) General rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if

"(1) the crime was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or the crime involved theft, dishonesty or false statement, regardless of the punishment, and

"(2) the court determines that the probative value of admitting this evidence on the issue of credibility outweighs its prejudicial effect and articulates on the record the factors considered in making the determination."

The decision to permit impeachment of a defendant by evidence of prior convictions is within the discretion of the trial court.[1] In *People v Crawford*,[2] this Court enumerated the factors to be considered in determining whether evidence of prior convictions should be admissible to impeach a defendant's credibility: (1) the nature of the prior offense and its relation to defendant's credibility, (2) whether it is for substantially the same conduct for which defendant is on trial, with closely similar offenses requiring careful examination because of the likelihood of prejudice, and (3) the effect on the decisional process if the defendant refrains from testifying out of fear of impeachment.

In the within case, the trial judge balanced the foregoing factors and decided to suppress one of the two convictions.

This Court has approved of the doctrine enunciated in *Gordon v United States*[3] that it is proper for a trial court to allow a defendant to be cross-examined regarding his prior felony convictions where a conflict exists between the testimony of a pivotal witness and the defendant.[4] The following passage from *Gordon, supra,* is enlightening:

"[W]e note that the admission of Appellant's criminal record here, along with the criminal record of the

---

[1] *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974).

[2] 83 Mich App 35, 39; 268 NW2d 275 (1978).

[3] 127 US App DC 343; 383 F2d 936 (1967).

[4] See, *e.g., People v Kelly,* 66 Mich App 634, 637; 239 NW2d 691 (1976).

complaining witness, was not in a vindictive or 'eye for an eye' sense, as Appellant argues. *Rather it was received because the case had narrowed to the credibility of two persons—the accused and his accuser—and in those circumstances there was greater, not less, compelling reason for exploring all avenues which would shed light on which of the two witnesses was to be believed."* (Emphasis added.)[5]

Since in the matter at bar there does not seem to be any question but that defendant and the complaining witness were together on the night in question, the outcome of the case primarily depended on the credibility of the witnesses; the main issue for the jury appeared to be whether defendant was acting in self-defense at the time of the incident.

We note that defendant elected not to testify on his own behalf. He presented one witness, Calvin Banes, who testified that he saw the complaining witness have oral sex with defendant and then get into a fight with him. At the motion *in limine* hearing, defense counsel did not apprise the trial court whether, in the event the prosecutor was permitted to use the prior conviction for felonious assault to impeach, he, defendant, would testify. Neither did he inform the trial court of the nature of defendant's testimony, if he were to testify. However, he did state that he intended to call three witnesses on defendant's behalf.

In *People v Wilson*,[6] this Court, in following *People v Jones*,[7] discussed the importance of the defendant informing the trial court of the substance of his testimony when seeking to suppress prior convictions:

---

[5] *Gordon v United States, supra,* p 348.

[6] 107 Mich App 470, 476-477; 309 NW2d 584 (1981).

[7] 98 Mich App 421; 296 NW2d 268 (1980).

"In *People v Jones, supra,* this Court cited a recent federal court case, *United States v Cook,* 608 F2d 1175 (CA 9, 1979). In *Cook,* the defendant elected to remain silent after the court ruled that evidence of his prior convictions would be admissible for impeachment. On appeal, Cook asserted that the chilling effect of the court's preliminary ruling changed the course of his trial and prejudiced his defense. In the course of reviewing and upholding the trial court's ruling, the Court stated:

" 'In future cases to preserve the issue for review, a defendant must at least, by a statement of his attorney: (1) establish on the record that he will in fact take the stand and testify if his challenged prior convictions are excluded; and (2) sufficiently outline the nature of his testimony so that the trial court, and the reviewing court, can do the necessary balancing contemplated in · Rule 609.' *Id.,* 1186.

"The judge in the instant case could not be expected to articulate his assessment of what effect defendant's failure to testify would have on the decisional process when defendant did not indicate his intentions on the point. In *People v Jones, supra,* this Court held:

" 'Defense counsel did not assert that the defendant would testify if his record were suppressed, and neither defendant nor his lawyer said what his testimony would be. What could it be? * * * The trial judge referred to MRE 609 and permitted use, for impeachment, of defendant's three convictions, all recent, because they *involved theft, a kind of dishonesty which would be especially probative of where the truth lies in this case.* We cannot say that the court's ruling was wrong, much less an abuse of discretion, although the convictions were for the same or similar crimes.

" 'A judge who refers on the record to MRE 609(a) and quotes language in subparagraph (1) of that rule must be credited with recognition and performance of the function imposed upon him by subparagraph (2) of that rule when he decides the suppression motion.' *Id.,* 434. (Emphasis added.)"

Therefore, we hold that. the trial judge did not

abuse his discretion by suppressing only one of defendant's two felony convictions.

Defendant next maintains that the trial court erred reversibly by neglecting to charge the jury on the lesser offense of felonious assault. The trial judge instructed the jury on the charged offense of assault with intent to commit murder and on the lesser included offense of assault with intent to commit great bodily harm less than murder. Defendant neither requested instruction on the lesser charge of felonious assault nor objected to the instructions which were given.

Resolution of this issue is controlled adversely to defendant by *People v Johnson:*[8]

"Defendant also claims that the trial judge erred in not instructing the jury on the lesser included offenses to delivery of a controlled substance. Defendant does not assert, nor does the record show, that instructions on lesser included offenses were requested. Although a trial judge *may* 'instruct *sua sponte* on a lesser included offense * * * if the evidence adduced at trial would warrant conviction of the lesser charge and defendant has been afforded fair notice of those lesser included offenses', *People v Chamblis,* 395 Mich 408, 417; 236 NW2d 473 (1975), he is not required to do so unless the defendant is charged with first-degree murder. *People v Henry,* 395 Mich 367, 374; 236 NW2d 489 (1975); *People v Jenkins,* 395 Mich 440; 236 NW2d 503 (1975). Therefore we find that the trial court did not err in failing to give instructions *sua sponte* on lesser included offenses to delivery of a controlled substance."

Last, defendant contends that several errors occurred in the jury instructions. It is noteworthy that defendant neither objected to nor requested a curative instruction regarding the alleged instructional errors. Absent manifest injustice, a defendant's failure to object to jury charges precludes

---

[8] 409 Mich 552, 562; 297 NW2d 115 (1980).

appellate review.[9] In viewing the charges in their entirety, we conclude that the jury was fairly and correctly instructed.

Affirmed.

[9] GCR 1963, 516.2; MCL 768.29; MSA 28.1052; *People v Dixon,* 84 Mich App 675, 685; 270 NW2d 488 (1978), *lv den* 405 Mich 837 (1979); 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 636, pp 249-251.