PEOPLE v FREY

Docket No. 100884. Submitted February 10, 1988, at Detroit. Decided
    May 2, 1988.

Karl Leon Frey was convicted of larceny over $100 and, on his
    subsequent plea of guilty, of being a third-felony offender,
    Lenawee Circuit Court, John C. Timms, J. Defendant appealed,
    alleging that the court erred in denying his motion in limine to
    suppress his recent prior conviction for attempted larceny in a
    building in the event he testified. As a result of the court's
    ruling, defendant did not testify. Defendant appealed.

    The Court of Appeals *held:*

    1. A defendant does not waive the issue of improper impeach-
    ment with a prior conviction by failing to testify.

    2. For the purpose of impeaching a witness, evidence of
    crimes containing an element of theft are admissible where the
    crime is punishable by imprisonment in excess of one year, the
    court determines that the evidence has significant probative
    value on the issue of credibility, and, if the witness is the
    defendant in a criminal trial, the court determines that the
    probative value on the issue of credibility outweighs its prejudi-
    cial effect. Thus the degree to which the crime is indicative of
    veracity and the age of the conviction must be weighed against
    the similarity of the charged offense and the importance of the
    defendant's testimony to the decisional process. Under this test,
    the court erred in denying the motion to suppress.

    3. Error in the admission for impeachment purposes of
    evidence of a criminal defendant's prior convictions for crimes
    similar to the crime for which defendant is on trial is harmless
    error where the evidence against defendant is overwhelming.

REFERENCES

Am Jur 2d, Criminal Law § 964.

Am Jur 2d, Witnesses §§ 569-586.

Right to impeach witness in criminal case by inquiry or evidence as
    to witness' criminal activity not having resulted in arrest or
    charge—modern state cases. 24 ALR4th 333.

Propriety of jury instruction regarding credibility of witness who
    has been convicted of a crime. 9 ALR4th 897.

The evidence against defendant, though circumstantial, was overwhelming.

Affirmed.

1. CRIMINAL LAW — IMPEACHMENT — PRIOR CONVICTIONS — APPEAL — WAIVER.

A defendant does not waive the issue of improper impeachment with a prior conviction by failing to testify.

2. CRIMINAL LAW — IMPEACHMENT — PRIOR CONVICTIONS.

Evidence of prior convictions of crimes having an element of dishonesty or false statement, being directly probative of veracity and possessing little likelihood of prejudice, automatically should be admitted for the purpose of attacking the credibility of a witness, including a witness-accused; evidence of crimes containing an element of theft are admissible where the crime is punishable by imprisonment in excess of one year, the court determines that the evidence has significant probative value on the issue of credibility and, if the witness is the defendant in a criminal trial, the court determines that the probative value on the issue of credibility outweighs its prejudicial effect; evidence of prior convictions of crimes not having an element of theft and not containing elements of dishonesty or false statement should not be admitted (MRE 609[a]).

3. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — HARMLESS ERROR.

Error in the admission for impeachment purposes of evidence of a criminal defendant's prior convictions for crimes similar to the crime for which defendant is on trial is harmless error where the evidence against defendant is overwhelming.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Nathan T. Fairchild,* Prosecuting Attorney, for the people.

Karl Leon Frey, in propria persona.

Before: M. J. KELLY, P.J., and H. HOOD and M. WARSHAWSKY,* JJ.

H. HOOD, J. Following a jury trial, defendant was convicted of larceny over $100, MCL 750.356;

---

* Circuit judge, sitting on the Court of Appeals by assignment.

MSA 28.588. Defendant subsequently pled guilty to being a third-felony habitual offender, MCL 769.11; MSA 28.1083, and was sentenced to from six years and eight months to ten years' imprisonment. Defendant appeals as of right. We affirm.

The charge arose out of an incident which occurred at the Foodland store in Adrian on November 20, 1986. On that date, a store employee, Rudolfo Lizcano, Jr., was working in the back room and saw defendant walk into the back room and pick up three egg boxes, which were large in size and made of cardboard. Defendant then walked out of the back room and into the front part of the store. Four other employees, manager Kirk Gilbert, Charles McGraw, Joy Gilbert, and Edna Agge, saw defendant put the egg boxes in a cart and wheel the cart over to a cigarette rack which stood at the end of one aisle. The cigarette rack was a tall, metal, three-sided rack on wheels. It was filled with cartons of cigarettes valued at between $9.29 and $9.59 each. Defendant pushed the rack out and went behind it and began removing cartons of cigarettes and putting them into the egg boxes. At this point, McGraw called the police. Officers Jerry D. Redlin, Gerald E. Brock, and Stanley J. Easler arrived. Officer Redlin went to the upstairs office and watched defendant from above. Officer Redlin "had previous knowledge of this type of situation where a suspect had ran [sic]," so he "made the decision to effect an arrest to . . . prevent an escape." While Officer Brock went to the main door to block it, Officers Redlin and Easler arrested defendant. At the time of his arrest, defendant was walking down an aisle with a package of rolls in his hand. Officer Brock counted eighty-five cigarette cartons in the egg boxes. Defendant told Officer Easler his name was Ronald Mark Owens but, after giving the police

his social security number, police discovered he was actually Karl Leon Frey. An inspection of defendant's car which was parked outside revealed that the license plate was held up with a pencil so that persons behind the car could not read the number. There were no credit cards, checks, or other forms of identification in the car. When defendant was booked at the jail by Officer Patricia J. Lennard, he had no identification, wallet, credit cards, or checks on him.

Defendant did not testify and presented no witnesses on his behalf.

The court instructed the jury on the crimes of larceny over $100, larceny in a building, attempted larceny over $100, and attempted larceny in a building. The jury found defendant guilty of larceny over $100.

On appeal, defendant's only issue is his claim that the trial court erred in denying his motion in limine brought before trial to suppress use of evidence of his 1986 conviction for attempted larceny in a building, for impeachment. Defendant claims that, because of the court's ruling, he chose not to testify and thus could not present a defense. The court denied the motion after finding that the conviction was less than ten years old, was for a felony, and that the probative value on the issue of credibility outweighed its prejudicial effect.

The decision to allow impeachment by evidence of prior convictions is within the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *People v Wilson,* 107 Mich App 470, 475; 309 NW2d 584 (1981). On appeal, the people claim that the issue has been waived because defendant did not testify at trial. The people cite *Luce v United States,* 469 US 38; 105 S Ct 460; 83 L Ed 2d 443 (1984). In *Luce,* the defendant was charged with conspiracy and posses-

sion of cocaine with intent to distribute. The district court denied the defendant's motion in limine to suppress evidence of a prior conviction. The United States Court of Appeals for the Sixth Circuit affirmed, holding that, when the defendant does not testify, the court would not review the district court's in limine ruling. *Luce,* 469 US 39-40. The Supreme Court affirmed, holding that to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify. The Court reasoned:

> A reviewing court is handicapped in any effort to rule on subtle evidentiary questions outside a factual context. This is particularly true under Rule 609(a)(1), which directs the court to weigh the probative value of a prior conviction against the prejudicial effect to the defendant. To perform this balancing, the court must know the precise nature of the defendant's testimony, which is unknowable when, as here, the defendant does not testify.
>
> Any possible harm flowing from a district court's *in limine* ruling permitting impeachment by a prior conviction is wholly speculative. The ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling. On a record such as here, it would be a matter of conjecture whether the District Court would have allowed the Government to attack petitioner's credibility at trial by means of the prior conviction.
>
> When the defendant does not testify, the reviewing court also has no way of knowing whether the Government would have sought to impeach with the prior conviction. If, for example, the Government's case is strong, and the defendant is subject to impeachment by other means, a prosecutor

might elect not to use an arguably inadmissible prior conviction.

Because an accused's decision whether to testify "seldom turns on the resolution of one factor," *New Jersey v Portash,* 440 US 450, 467 [99 S Ct 1292, 1301; 59 L Ed 2d 501] (1979) (Blackmun, J., dissenting), a reviewing court cannot assume that the adverse ruling motivated a defendant's decision not to testify. In support of his motion a defendant might make a commitment to testify if his motion is granted; but such a commitment is virtually risk free because of the difficulty of enforcing it.

Even if these difficulties could be surmounted, the reviewing court would still face the question of harmless error. See generally *United States v Hasting,* 461 US 499 [103 S Ct 1974; 76 L Ed 2d 96] (1983). Were *in limine* rulings under Rule 609(a) reviewable on appeal, almost any error would result in the windfall of automatic reversal; the appellate court could not logically term "harmless" an error that presumptively kept the defendant from testifying. Requiring that a defendant testify in order to preserve Rule 609(a) claims will enable the reviewing court to determine the impact any erroneous impeachment may have had in light of the record as a whole; it will also tend to discourage making such motions solely to "plant" reversible error in the event of conviction. [*Luce, supra,* 469 US 41-42.]

Before *Luce* was decided, this Court on occasion reviewed cases wherein the defendants did not testify at trial, yet claimed the trial court erred in ruling that they could be impeached with a prior conviction. See *People v Jones,* 98 Mich App 421, 427-435; 296 NW2d 268 (1980); *People v Casey,* 120 Mich App 690, 693-697; 327 NW2d 337 (1982); *People v Pedrin,* 130 Mich App 86; 343 NW2d 243, aff'd 429 Mich 558 (1988); *People v Johnson,* 133 Mich App 150, 155-156; 348 NW2d 716 (1984). But see *People v Ferrari,* 131 Mich App 621; 345

NW2d 645 (1983), lv den 421 Mich 852 (1985).[1] This Court did not hold in any of these cases that defendant had waived the issue of improper impeachment by his failure to testify; however, this Court did note the defendants' failure to testify and considered this to be a strong factor in favor of a holding that the trial court did not abuse its discretion in ruling that the defendants could be impeached with the prior convictions.[2] In *Pedrin, supra,* the Michigan Supreme Court granted leave and instructed the parties to brief, as one of the issues, whether the Court should adopt the *Luce* rule in Michigan, 422 Mich 972 (1985), *Pedrin* was consolidated with *People v Allen, People v Brooks, People v Gray,* and *People v Smith,* and the Supreme Court rendered its decision on January 19, 1988. *People v Allen,* 429 Mich 558; 420 NW2d 499 (1988). However, the Court did not reach the waiver issue, stating that the Court was unable to achieve a majority position, on the issue, and chose to reserve the question for another day. *Allen, supra,* p 613. Justices BOYLE and RILEY, dissenting, would have addressed the issue and would have adopted *Luce. Id.* (BOYLE, J., dissenting, p 703; RILEY, C.J., dissenting, pp 632-638). Justice RILEY indicated she would apply the *Luce* rule only prospectively, however, because the defendants had done everything necessary to preserve the issue under the old rule and because adoption of the *Luce* rule was not foreseeable at the time of their trials. *Id.,* (RILEY, C.J., dissenting, p 638.)

---

[1] The *Ferrari* Court held that the issue of improper impeachment by a prior conviction was waived because of defendant's failure to testify. The *Ferrari* Court seems to have erroneously believed that *Casey* so held. *Ferrari, supra,* p 625. However, a close reading reveals that the quotation regarding waiver attributed by *Ferrari* to *Casey* was not the rule of law propounded in *Casey,* but, rather, was the *Casey* Court citing *United States v Cook,* 608 F2d 1175 (CA 9, 1979).

[2] *Ferrari* is an exception. See n 1.

In *People v Finley,* 161 Mich App 1; 410 NW2d 282 (1987), this Court held that the *Luce* rule applied and that the defendant's claim of improper impeachment by a prior conviction was waived by his failure to testify. *Finley, supra,* pp 7-8. The Michigan Supreme Court has granted leave in *Finley* to once again decide this issue. 429 Mich 894 (1988).

Although *Luce* contains valid points, we decline to apply it to defendant in the instant case, as the Michigan Supreme Court has not yet held that the *Luce* rule applies in Michigan. *Luce* was decided under FRE 609(a) which is similar, although not identical, to MRE 609(a). It is well-established that a state may afford a defendant greater rights and protections under its own constitution than the United States Supreme Court has bestowed under the federal constitution. *People v Sundling,* 153 Mich App 277-290; 395 NW2d 308 (1986), lv den 428 Mich 887 (1987). While the *Luce* rule lends itself to summary resolution of such matters, we feel it is too rigid in its application, especially where a defendant does not testify because of the denial of the motion. Thus, we hold that defendant has not waived the issue by his failure to testify, and we will address the merits.

MRE 609(a) states:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if
> (1) the crime was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or the crime involved theft, dishonesty or false statement, regardless of the punishment, and

(2) the court determines that the probative value of admitting this evidence on the issue of credibility outweighs its prejudicial effect and articulates on the record the factors considered in making the determination.

In *Allen, supra,* the Court amended MRE 609(a). The amended version of MRE 609(a) provides that all crimes containing an element of dishonesty or false statement are admissible to impeach the credibility of a witness. If the crime contains an element of theft, it is admissible only if the crime is punishable by imprisonment in excess of one year and the court determines that the evidence has significant probative value on the issue of credibility and, if the witness is the defendant in a criminal trial, the court determines that the probative value on the issue of credibility outweighs its prejudicial effect. *Id.,* pp 605, 614. All other crimes are inadmissible for impeachment. *Id.,* p 605. The Court then set forth the proper factors to be considered by trial courts when balancing the probativeness of prior felony theft convictions against the prejudice. *Id.,* pp 605-606, 614. Although the Court stated that the amendment would become effective March 1, 1988, the Court held that the clarified balancing test of probativeness against prejudice is to apply to cases pending on appeal in which the issue of impeachment by evidence of prior convictions under MRE 609(a) has been raised and preserved. *Id.,* p 609. Since this is such a case, the clarified balancing test applies to the instant case.

The clarified balancing test provides that, for purposes of the probativeness side of the equation, only an objective analysis of the degree to which the crime is indicative of veracity and the age of the conviction be considered. For purposes of the

prejudice factor, only the similarity of the charged offense and the importance of the defendant's testimony to the decisional process are to be considered. *Id.,* p 606.

In the instant case, the conviction for attempted larceny in a building is a theft offense. Theft offenses are only moderately probative of veracity. *Allen, supra,* p 611. The conviction was less than one year old at the time of defendant's trial, thus adding to the probativeness. On the prejudice side, we note that the conviction was for a crime very similar to the one for which defendant was on trial. Defendant's testimony was very important to his defense, as, without defendant's testimony, the jury heard only the people's version. On balance, we feel that the prejudicial effect of impeachment by the prior conviction outweighed the probativeness. Thus, we find that the court abused its discretion in allowing defendant to be impeached by the prior conviction.

However, this error need not require reversal, as it may be harmless error. *Allen, supra,* p 612. The error may be harmless even where defendant did not testify. *People v Kramer,* 108 Mich App 240, 246; 310 NW2d 347 (1981). Because of the overwhelming evidence against defendant in the instant case, we find the error to have been harmless. *Kramer, supra,* p 246; *People v Moseley,* 94 Mich App 461, 465; 290 NW2d 39 (1979). Although we realize that, because defendant did not leave the store with the cigarettes, defendant's intent to steal was proved only by the circumstanial evidence of giving the police a false name, having no identification, credit cards, or checks, and concealing his licence plate, we feel that this circumstantial evidence was overwhelming.

In sum, we find that the defendant did not waive the issue of improper impeachment by his failure

to testify. We find that the trial court did abuse its discretion in allowing defendant to be impeached by his prior conviction but that the error was harmless in light of all the evidence against defendant.

Affirmed.

M. J. KELLY, P.J., concurred in result only.