PEOPLE v MINOR

Docket No. 108386. Submitted May 2, 1988, at Lansing. Decided
    August 16, 1988.

    Jeffrey Minor was convicted of armed robbery and possession of a
        firearm during the commission of a felony following a jury trial
        in the Recorder's Court for the City of Detroit, Craig S. Strong,
        J. Defendant appealed and the Court of Appeals affirmed in an
        unpublished opinion per curiam, decided May 15, 1986 (Docket
        No. 86148). Defendant sought leave to appeal to the Supreme
        Court which, in lieu of granting leave to appeal, vacated the
        judgment of the Court of Appeals and remanded to the Court of
        Appeals for reconsideration of the issue regarding impeach-
        ment of the defendant, who testified at trial, with evidence of a
        prior conviction for armed robbery in light of *People v Allen,*
        429 Mich 558 (1988). 430 Mich 871 (1988).

        On remand, the Court of Appeals *held:*

        The balancing test of MRE 609 as clarified by *Allen* is
        applicable to this case.

        1. Under the probativeness factor the scale tilts toward
        admissibility. The evidence of the armed robbery conviction
        may be admissible to test the veracity of the defendant. How-
        ever, the vintage of the prior conviction does not lean toward
        either exclusion or admission in this case.

        2. Under the prejudice factor the scale tilts toward inadmissi-
        bility. The risk is high that a jury would convict the defendant
        of armed robbery because it knew he was guilty of armed
        robbery five years earlier. Furthermore, the defendant's testi-
        mony was important to the decisional process. The trial court
        inaccurately stated that defendant would be able to establish
        his defense even if he did not testify. The evidence here was

REFERENCES

Am Jur 2d, Witnesses §§ 569 *et seq.*

Propriety of jury instruction regarding credibility of witness who
    has been convicted of a crime. 9 ALR4th 897.

Right to impeach credibility of accused by showing prior convic-
    tions, as affected by remoteness in time of prior offense. 67
    ALR3d 824.

not overwhelming, and the error in admitting the evidence was not harmless.

3. Since it is the effect on the decisional process if the defendant does not testify which must predominate, the credibility factor cannot be given priority. Evidence of the armed robbery conviction must be excluded and defendant must be granted a new trial.

Reversed and remanded for a new trial.

KELLY, J., dissented. He would find the error in admitting evidence of the armed robbery conviction harmless beyond a reasonable doubt.

1. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — IMPEACH-MENT.

Evidence of prior convictions of crimes that contain an element of dishonesty or false statement is admissible per se for the purpose of attacking the credibility of a witness, including a witness-accused; evidence of crimes that contain an element of theft is admissible if the crime was punishable by imprisonment in excess of one year and the court determines that the probative value of the evidence is not outweighed by its prejudicial effect (MRE 609).

2. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — IMPEACH-MENT.

A trial court, in exercising its discretion in determining the admissibility of evidence of a witness' prior conviction of a theft crime punishable by more than one year imprisonment, must examine the degree of probativeness and prejudice inherent in its admission; in determining probativeness, the questions to be asked relate to the degree to which the crime is indicative of veracity and the vintage of the prior conviction; in evaluating prejudice, the similarity of the charged offense to the prior conviction and the importance of the defendant's testimony to the decisional process are to be considered; it is the effect on the decisional process if the defendant does not testify which must predominate in such a determination (MRE 609).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Virginia J. Hazen,* Assistant Prosecuting Attorney, for the people.

*Douglas R. Mullkoff,* for defendant.

Before: DANHOF, C.J., and KELLY and SHEPHERD, JJ.

SHEPHERD, J. This case was remanded by the Supreme Court. In the remand order the previous judgment of the Court of Appeals was vacated and the case was remanded to the Court of Appeals for reconsideration of the impeachment issue in light of *People v Allen,* 429 Mich 558; 420 NW2d 499 (1988). 430 Mich 871 (1988).

Defendant was convicted of armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), arising out of an incident that occurred on June 15, 1984. Only the armed robbery conviction is the subject of this appeal. The only issue on remand relates to the decision of the trial court to admit evidence of a 1979 armed robbery conviction in the event that defendant should testify. Defendant did testify.

In our earlier opinion, *People v Minor,* unpublished opinion per curiam, decided May 15, 1986 (Docket No. 86148), we mistakenly stated that the trial court admitted evidence of a conviction for assault with intent to do great bodily harm less than murder. Our mistake was based upon the trial court's statement on the record that it intended to admit evidence of that conviction. However, when the trial court made its final ruling it only admitted evidence of the 1979 armed robbery conviction and it is the admission of that evidence that was raised on appeal. Our reference to admission of evidence of the conviction of assault with intent to do great bodily harm in our original opinion was error on our part.

Defendant had four prior convictions as follows:

A 1972 conviction for assault with intent to rob while armed.

A 1973 conviction for assault with intent to do great bodily harm less than murder.

A 1978 conviction for armed robbery.

A 1979 conviction for armed robbery.

As indicated, only evidence of the 1979 armed robbery conviction was admitted. After stating that admitting evidence of two armed robberies would be more prejudicial than probative, the trial court said: "The Court also recognizes that the defendant's side of the story can be told if the defendant elects not to testify in his own behalf." The court then concluded:

> In balancing this matter out, the Court notes that the defendant has four felony convictions. The Court feels that the Armed Robbery conviction in 1979 would be more probative than prejudicial. The Court further believes that any of the other convictions in addition to the 1979 conviction of Armed Robbery would cause the defendant to be seriously prejudiced, and will not admit any of the others.

We also note that the trial court stated that the 1979 conviction for armed robbery is "not that remote in time to the present charge, and it would have more of a bearing on the issue of the credibility because it's the closest to any of the previous convictions."

The decision in *People v Allen, supra,* must be read in connection with the amendment of the Michigan Rules of Evidence promulgated on the same date. The Supreme Court in *Allen* amended MRE 609, titled Impeachment by Evidence of Conviction of Crime. The new amendment and the *Allen* decision state the general rule that evidence of prior crimes shall not be admitted except under

certain specified circumstances and conditions.
Crimes that contain an element of dishonesty or
false statement are admissible per se. Crimes that
contain an element of theft are admissible if the
crime was punishable by imprisonment in excess
of one year and the court determines that the
probative value of the evidence of the prior convic-
tion is not outweighed by its prejudicial effect. In
determining probative value and prejudicial effect
the new court rule requires the trial court to
balance two factors under each of these considera-
tions.

In determining whether evidence is probative,
the questions to be asked relate to the degree to
which the crime in question is indicative of verac-
ity and the vintage of the prior conviction. In
determining prejudice, the court is to examine the
similarity of the charged offense with the proposed
prior conviction as well as the importance of the
defendant's testimony to the decisional process.

The trial court in this case did not conduct a
thorough evaluation as required by the new rule,
but the trial court cannot be faulted since it did
not have the benefit of the *Allen* decision. Further-
more, the new court rule did not become effective
until March 1, 1988. Nevertheless, in *Allen* the
Supreme Court indicated that in pending cases
where the issue of the admissibility of evidence of
prior convictions was preserved for appeal, the
balancing test of MRE 609 as clarified by *Allen*
should be applied. It is also clear from *Allen* that
where the offense has an element of theft, the
clarified balancing test of *Allen* and amended
MRE 609 applies. We will therefore apply the
clarified balancing test as we now understand it.

We first examine whether admitting evidence of
the 1979 armed robbery conviction is probative of
defendant's veracity. We are required by MRE 609

and *Allen* to objectively determine the degree to which the crime is indicative of veracity. *Allen* takes the position that crimes of violence may not be indicative of veracity at all because a crime of violence may be committed by a person who has been provoked or by a person who has the inability to control his or her emotions. The crime of robbery is different. It contains an element of theft and it is our view that a person who is willing to deprive others of their property is likely to be a person who does not tell the truth. Therefore, on the analysis of this factor alone, we would conclude that evidence of an armed robbery conviction can be admitted to test the veracity of the defendant although *Allen* concludes that theft crimes are only minimally probative of veracity.

With regard to the vintage of the conviction, the conviction took place in 1979 and the alleged offense occurred on June 15, 1984, and there had been no intervening convictions. In *Allen*, the Supreme Court indicated that it continues to adhere to a ten-year cutoff of use of prior convictions, *id.* at 606, n 32, and, therefore, this defendant was halfway toward having evidence of the conviction excluded as a matter of law. We therefore conclude that on the "vintage" factor the issue of admissibility is evenly balanced and does not lean one way or the other toward either exclusion or admission. Therefore, on the issue of probativeness, the scale tilts toward admissibility.

On the issue of prejudice we are required to review the issues of whether the proposed conviction sought to be admitted in evidence is similar to the charged offense and the importance of the defendant's testimony to the decisional process. Here the scale tilts decidedly towards inadmissibility. Not only is the prior conviction similar to the charged offense, it is identical. Under the rationale

of *Allen*, the risk is high that a jury would convict the defendant of this offense because it knew he was guilty of the identical offense five years earlier.

The final factor in the "prejudice" analysis relates to the importance of defendant's testimony to the decisional process. The trial court stated that defendant would be able to establish his defense even if he did not testify. We conclude that this evaluation by the trial court was inaccurate. Although technically defendant raised an alibi defense, he did not raise an alibi defense to the particular events that occurred on June 15, 1984. When he took the stand he testified that he did not remember where he was on that date but that he was at a family reunion in Benton Harbor on June 26. It is this latter testimony that was confirmed by other family witnesses. The testimony indicated that he left town June 25 and returned to Detroit July 7, 1984. Therefore, defendant did not have an alibi for the events of June 15 and his only testimony was that he did not commit the offense and could not remember where he was at the time.

There were no other witnesses to the offense. Although the victim's identification was positive, based on his claim that this defendant had robbed him on two previous occasions, defendant's testimony was equally positive that he did not commit the offense. This was a classic one-to-one situation. This means that it was extremely important to defendant that he take the stand to establish his defense. Although admitting evidence of the 1979 conviction would relate to credibility, we are not permitted by *Allen* to give priority to the credibility factor. In *Allen* the Supreme Court said: "It is our view that it is the effect on the decisional process if the defendant does not testify which

must predominate and so the contradicting 'credibility contest' factor must therefore be eliminated." *Allen, supra* at 602.

This Court has recently decided two cases that did a post-*Allen* analysis. In *People v Reinhardt,* 167 Mich App 584; 423 NW2d 275 (1988), defendant was convicted of first-degree criminal sexual conduct. The trial court admitted evidence of prior convictions for an insufficient funds check, larceny by conversion and larceny over $50 and under $200. The *Reinhardt* panel concluded that there was no error and, since the evidence was overwhelming, any claimed error would be harmless. In *People v Frey,* 168 Mich App 310; 424 NW2d 43 (1988), defendant was convicted of larceny over $100. Evidence of a prior 1986 conviction for attempted larceny in a building was ruled admissible in the event the defendant testified. The defendant did not testify. The *Frey* panel found error but concluded it was harmless because there were numerous witnesses to the offense, making the evidence of guilt overwhelming. In the instant case, the evidence was not overwhelming and we are unable to say that the error was harmless.[1]

In summary, an analysis of the four factors that we are required to evaluate results in one factor favoring admission, one factor being neutral, and two factors decidedly weighing against admission. On this basis, we conclude that under the analysis mandated by the *Allen* majority opinion evidence of the armed robbery conviction in 1979 must be excluded and defendant must be granted a new trial.

Reversed and remanded for new trial.

---

[1] The majority in *Allen* adopted Chief Justice Riley's analysis that if the error in admitting evidence of a prior conviction was harmless beyond a reasonable doubt reversal is not required. See *Allen* at 611-612; see also *Allen* at 644, 652 (Riley, C.J., dissenting).

DANHOF, C.J., concurred.

KELLY, J. *(dissenting)*. I do not think that the trial judge was incorrect when he stated that defendant would be able to establish his defense even if he did not testify. On the state of the record at the time of that statement, the trial judge had every reason to believe that the defendant was going to present an alibi defense to the particular events that occurred on June 15, 1984. It was only later when he took the stand and testified that his lapse of memory as to the events of that date became evident.

I would affirm, finding the error in admitting evidence of the 1979 armed robbery conviction harmless beyond a reasonable doubt. The defendant testified and told his story and evidence of his three other prior felony convictions was excluded.