PEOPLE v STINNETT

Docket No. 89190. Submitted July 9, 1987, at Lansing. Decided
   August 10, 1987.

   Donald Stinnett was convicted following a jury trial in the
   Genesee Circuit Court of assault with intent to do great bodily
   harm less than murder. The trial court, Philip C. Elliott, J.,
   sentenced defendant to from three to ten years imprisonment.
   Defendant appealed alleging error in the jury instructions.

   The Court of Appeals *held:*

   1. The trial court properly instructed the jury on assault with
   intent to do great bodily harm less than murder and assault
   with a dangerous weapon.

   2. A rational view of the evidence adduced at trial did not
   support the instruction on assault and battery requested by
   defendant. The trial court did not err in declining to instruct
   on assault and battery.

   Affirmed.

1. CRIMINAL LAW — STANDARD JURY INSTRUCTIONS.

   The use of standard jury instructions in criminal cases is not
   mandatory.

2. APPEAL — JURY INSTRUCTIONS.

   Jury instructions are reviewed in their entirety and are not
   extracted piecemeal in an attempt to establish error requiring
   reversal; there is no error, even if the instructions are imper-
   fect, if the instructions fairly presented the issues to be tried
   and successfully protected the rights of the defendant.

3. CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED MISDE-
   MEANORS.

   There are five conditions which must be met before giving an
   instruction on a lesser included misdemeanor offense in a trial
   for a felony: (1) A specific request has been made for the

REFERENCES

Am Jur 2d, Criminal Law §§ 28 *et seq.*; 672 *et seq.*; 890 *et seq.*
Am Jur 2d, Trial §§ 573 *et seq.*; 645 *et seq.*; 876 *et seq.*
Lesser-related state offense instructions: modern status. 50 ALR4th
   1081.

misdemeanor instruction; (2) an appropriate relationship exists between the charged offense and the requested misdemeanor instruction; (3) the requested misdemeanor instruction must be supported by a rational view of the evidence; (4) if the prosecution requests the instruction, the defendant must have adequate notice; and (5) the requested instruction does not result in confusion or some other injustice; the third condition means not only that there must be some evidence which would justify conviction of the lesser offense, but that proof of the element or elements differentiating the two crimes must be sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense.

4. ASSAULT AND BATTERY — ASSAULT WITH A DANGEROUS WEAPON — INTENT.

There is no difference between the intent or state of mind element of the crimes of assault and battery and assault with a dangerous weapon.

5. CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED OFFENSES.

It is not error in a trial where the defendant is charged with assault with intent to do great bodily harm to deny the defendant's request to instruct on assault and battery where, under the facts of the case, the jury could not have reasonably convicted the defendant of assault and battery without also finding defendant guilty of assault with a dangerous weapon.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Richard P. King,* for defendant.

Before: M. J. KELLY, P.J., and BEASLEY and P. EDWARDS,* JJ.

PER CURIAM. Following a jury trial, defendant was convicted of assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, and sentenced to a term of from three to

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

ten years' imprisonment. Defendant appeals as of right, arguing that reversal is required due to certain errors which occurred in instructing the jury. We disagree, and affirm defendant's conviction.

First, defendant claims that his conviction should be reversed because the trial court failed to instruct the jury in conformity with the standard criminal jury instructions. Defendant claims that the instructions given by the trial court on assault with intent to do great bodily harm and assault with a dangerous weapon were erroneous because they omitted the element of present ability to carry out the threat of injury.

First, we note that the use of standard jury instructions in criminal cases is not mandatory. *People v Doss,* 122 Mich App 571, 578; 332 NW2d 541 (1983), lv den 417 Mich 1100.16 (1983). In the instant case, the jury was instructed in pertinent part as follows:

> The Defendant is charged with the crime of assault with intent to do great bodily harm. He pleads not guilty. To establish the charge, the prosecution must prove each of the following elements beyond a reasonable doubt.
>
> First, that the Defendant tried to shoot Wesley Atkins on at least one of the occasions when the gun discharged, and
>
> Second, that the Defendant intended to cause great bodily harm by gunshot when he shot Mr. Atkins. Great bodily harm means serious physical injury which could seriously and permanently disfigure or impair the health or function of the body or, at least, cause a substantial impairment of some part of the body.
>
> Included within the charge of assault with intent to do great bodily harm is a lesser offense of felonious assault which is also more accurately called assault with a dangerous weapon.

> To establish this lesser included offense, the prosecution must prove beyond a reasonable doubt one or the other of the two alternative ways that a felonious assault may be committed. The alternatives are:
>
> One, that the Defendant with the pistol tried to shoot Mr. Atkins, intending to injure him, but not intending to do great bodily harm to him; or
>
> Two, alternatively, that the Defendant shot the gun intending to frighten Mr. Atkins and happened to shoot him without intending to actually hit him.

Jury instructions are reviewed in their entirety and are not extracted piecemeal in an attempt to establish error requiring reversal. *People v Burgess,* 153 Mich App 715, 726; 396 NW2d 814 (1986). Even where the instructions are imperfect, there is no error if the instructions fairly presented the issues to be tried and successfully protected the rights of the defendant. *Id.*

Although the instructions given in the instant case did not include a specific reference to the present ability of the defendant to carry out the threat of injury as in CJI 17:3:01 and 17:4:01, that message is clearly apparent when the instructions are read as a whole. Further, it was undisputed that defendant possessed the present ability to carry out the threat of injury as the defendant had fired a loaded gun at the victim. See *People v Stokes,* 134 Mich App 146, 150-151; 350 NW2d 767 (1984). After reviewing the instructions as a whole, we find no error. The trial court properly instructed the jury on assault with intent to do great bodily harm less than murder and assault with a dangerous weapon.

Defendant also claims that the trial court erred in declining to instruct the jury on assault and battery. We disagree.

In *People v Stephens,* 416 Mich 252, 261-265; 330 NW2d 675 (1982), our Supreme Court set forth the following five conditions which must be met prior to giving jury instructions on lesser included misdemeanors in a felony trial: (1) A specific request has been made for the misdemeanor instruction; (2) an appropriate relationship exists between the charged offense and the requested misdemeanor instruction; (3) the requested misdemeanor instruction must be supported by a rational view of the evidence; (4) if the prosecution requests the instruction, the defendant must have adequate notice; and (5) the requested instruction does not result in confusion or some other injustice.

Only the third condition is at issue in the instant case.

In *People v Kenneth Smith,* 143 Mich App 122, 131; 371 NW2d 496 (1985), this Court in further examining the requirement that the requested instruction be supported by a rational view of the evidence adduced at trial stated:

> This means not only that must there [sic] be some evidence which would justify conviction of the lesser offense, but that proof of the element or elements differentiating the two crimes must be sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense.

We conclude that a rational view of the evidence adduced at trial in the instant case did not support the requested instruction. First, we note that there is no difference between the intent or state of mind element of assault and battery and assault with a dangerous weapon. See *Kenneth Smith, supra,* p 134. More importantly, there is no dispute regarding whether defendant shot the victim. At

trial, the defendant even admitted that he had shot the victim. Under the facts of this case, the jury could not have reasonably convicted defendant of the lesser offense without also finding defendant guilty of assault with a dangerous weapon. Thus, we conclude that the trial court did not err in declining to instruct the jury on assault and battery.

Affirmed.