PEOPLE v REICHERT

Docket No. 101752. Submitted June 8, 1988, at Grand Rapids. Decided November 22, 1988.

Todd A. Reichert was convicted of felonious assault following a jury trial in the Calhoun Circuit Court, James C. Kingsley, J. Defendant appealed alleging error in the instructions given to the jury.

The Court of Appeals *held:*

The jury was misled by the trial court's initial instruction during voir dire which stated that, if the prosecutor established the elements of the crime, "the verdict in that instance, if you were convinced beyond a reasonable doubt, would be guilty." Such instruction implied that the jury must convict and removed from the jury its right to acquit as a matter of leniency, or at least was misleading as to that issue. The subsequent instructions did not cure the error.

Reversed and remanded.

MURPHY, J., dissented. He would find no error requiring reversal in the instructions as a whole. He believes that subsequent instructions by the trial court cured the error.

CRIMINAL LAW — JURY INSTRUCTIONS.

A trial court errs in instructing the jury that the verdict "would be guilty" if the evidence showed guilt beyond a reasonable doubt; such instruction removes from the jury its right to acquit as a matter of leniency, or, at the least, is misleading as to that issue.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Conrad Sindt,* Prosecuting Attorney, and *Donald H. Dickerson,* Assistant Prosecuting Attorney, for the people.

*John B. Payne, Jr.,* for defendant.

REFERENCES

Am Jur 2d, Trial §§ 693 *et seq.*

See the Index to Annotations under Instructions to Jury.

Before: MAHER, P.J., and MURPHY and R. B. BURNS,* JJ.

PER CURIAM. Defendant was found guilty by a jury of felonious assault, MCL 750.82; MSA 28.277. He appeals and we reverse.

On appeal, defendant raises four issues. One issue, which requires reversal, merits discussion.

DID THE TRIAL COURT ERR IN INSTRUCTING THE JURY THAT THE VERDICT "WOULD BE GUILTY" IF THE EVIDENCE SHOWED GUILT BEYOND A REASONABLE DOUBT?

In the instant case, during voir dire, the following occurred in the presence of the entire jury:

*Q.* [By *Prosecutor Dickerson*]: Miss Reese, I think we covered this somewhat in another jury selection, would you have a problem finding the Defendant guilty if you are convinced beyond a reasonable doubt?

*A.* (Juror No. 8) Yes.

*Mr. Dickerson:* Thank you. Your Honor, I would challenge Miss Reese for cause.

*The Court:* Mrs. Reese, if I may, we will go over this one more time. I don't want you to be nervous or anything at all, but if after you have heard all the evidence in this case and I instruct you that the burden of proof is on the Prosecutor to establish each and every element of the crime—let's assume for purposes of illustration that there are four elements of the crime that the Prosecutor has to prove to you beyond a reasonable doubt, and after hearing all of the evidence, you are convinced beyond a reasonable doubt that the Prosecutor has established each and every one of those four elements. *Do you understand that the verdict*

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

*in that instance, if you were convinced beyond a
reasonable doubt, would be guilty?* Do you under-
stand that ma'am?

*Juror No. 8:* Okay.

*The Court:* And you think you'd be able to
return a verdict of guilty if you were convinced
that he had established his burden of proof?

*Juror No. 8:* No.

*The Court:* You don't think you could?

*Juror No. 8:* Well . . .

*The Court:* You want me to cover it one more
time for you?

*Juror No. 8:* Okay.

*The Court:* Again, if there are four elements
that he has to prove beyond a reasonable doubt
and you personally are convinced that he did
prove all of those elements beyond a reasonable
doubt, would you vote guilty then?

*Juror No. 8:* Yes, I will.

At the close of voir dire, defense counsel moved
for a mistrial on the basis that the instructions
implied that the jury must convict if it found guilt
beyond a reasonable doubt. The trial court denied
the motion.

Regretfully and on a very close issue, we con-
clude that the jury was misled by the trial court's
initial instruction and that subsequent instruc-
tions did not cure the error. The trial court's
statement to the jury that, if the prosecutor estab-
lished the elements of the crime, "the verdict in
that instance, if you were convinced beyond a
reasonable doubt, would be guilty," implies that
the jury must convict. The instruction which im-
mediately followed did not address the issue at all,
nor did the final instructions clarify it. Even
though it is obvious, as plaintiff argues, that the
trial court was trying to determine if a juror *could*
convict defendant, the actual instruction given
removed from the jury its right to acquit as a

matter of leniency, or at least was misleading as to that issue. Further, that instruction was not cured.

Reversed and remanded for a new trial.

MURPHY, J. *(dissenting)*. The quoted language in the majority opinion occurred when the trial judge, speaking extemporaneously during voir dire, attempted to determine whether a particular juror *could* return a guilty verdict or whether the juror should be dismissed for cause as requested by the prosecuting attorney.

Immediately following the quoted statement, the trial judge informed the juror that if she believed the prosecutor "has not proven all of the elements beyond a reasonable doubt, then it would be your duty to vote not guilty." The trial judge, after being apprised by defense counsel that his earlier statements would imply that the jurors must convict the defendant, proceeded to properly instruct the jury on its role once the trial is concluded. The trial judge informed the jury that his instructions at the end of the trial, rather than extemporaneous comments, would govern their deliberation. At the conclusion of the trial, the court properly instructed the jury and no objection to the instructions were raised by defense counsel.

I am not convinced that the quoted statement in the majority opinion which occurred during voir dire constituted an instruction by the court to the jury, but even if it did, the instructions are to be reviewed in their entirety and not extracted piecemeal in an attempt to establish error requiring reversal. I believe the instructions fairly presented the issues to be tried and successfully protected the rights of the defendant. See *People v Stinnett,* 163 Mich App 213, 216; 413 NW2d 711 (1987).

For these reasons, I find no error requiring reversal and would affirm defendant's conviction.