PEOPLE v REICHERT

Docket No. 84894. Decided September 19, 1989. On application by the people for leave to appeal, the Supreme Court, in lieu of granting leave, vacated the judgment of the Court of Appeals and remanded the case for further proceedings.

Todd A. Reichert was convicted by a jury in the Calhoun Circuit Court, James C. Kingsley, J., of assault with a dangerous weapon. The Court of Appeals, MAHER, P.J., and R. B. BURNS, J. (MURPHY, J., dissenting), reversed and remanded the case for a new trial, finding that the trial court's explanation to the jury during voir dire misled the jury with regard to its duty to convict or acquit the defendant (Docket No. 101752). The people seek leave to appeal.

In an opinion per curiam, signed by Chief Justice RILEY and Justices LEVIN, BRICKLEY, BOYLE, and GRIFFIN, the Supreme Court *held:*

The remarks challenged by the defendant did not amount to error requiring reversal. The trial court merely informed the jury during voir dire of its obligation to apply the law in accordance with 'the court's instructions. The explanation did not mislead the jury. Remand to the Court of Appeals is required for consideration of the remaining issues raised by the defendant, but not addressed by that Court.

Justice CAVANAGH concurred in the result only.

Judgment vacated, case remanded.

Justice ARCHER would either grant or deny leave to appeal.

175 Mich App 228; 437 NW2d 274 (1989) vacated and remanded.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Edward J. Jocque, Jr.,* Assistant Prosecuting Attorney, for the people.

*John B. Payne, Jr.,* for the defendant.

PER CURIAM. The issue in this case is whether an informal explanation given by the trial court

during jury selection misled jurors concerning their power to convict or to acquit the defendant. We hold that the jury was not misled.

I

The defendant was charged with assault with a dangerous weapon[1] in connection with an incident involving a pit bull terrier. At the conclusion of a jury trial in Calhoun Circuit Court, he was convicted as charged. He subsequently was sentenced to serve a one-year jail term.

On appeal in the Court of Appeals, the defendant framed several questions. The majority was persuaded that the defendant was entitled to a new trial on the basis of one issue, and did not discuss the others. The prosecutor has challenged the majority's determination.

II

The single issue before us concerns certain remarks made by the trial judge during the jury-selection proceeding on the first day of trial. After the court had asked the potential jurors a number of general questions, the assistant prosecutor was given an opportunity to examine the panel. Near the beginning of this questioning, the following exchange took place with Juror No. 8:

> *Q. [Mr. Dickerson, assistant prosecutor:]* Miss Reese, I think we covered this somewhat in another jury selection, would you have a problem finding the Defendant guilty if you are convinced beyond a reasonable doubt?
> *Juror No. 8:* Yes.
> *Mr. Dickerson:* Thank you. Your Honor, I would challenge Miss Reese for cause.

[1] MCL 750.82; MSA 28.277.

*The Court:* Mrs. Reese, if I may, we will go over this one more time. I don't want you to be nervous or anything at all, but if after you have heard all the evidence in this case and I instruct you that the burden of proof is on the Prosecutor to establish each and every element of the crime—let's assume for purposes of illustration that there are four elements of the crime that the Prosecutor has to prove to you beyond a reasonable doubt, and after hearing all of the evidence, you are convinced beyond a reasonable doubt that the Prosecutor has established each and every one of those four elements. *Do you understand that the verdict in that instance, if you were convinced beyond a reasonable doubt, would be guilty? Do you understand that, ma'am?*

*Juror No. 8:* Okay.

*The Court:* And you think you'd be able to return a verdict of guilty if you were convinced that he had established his burden of proof?

*Juror No. 8:* No.

*The Court:* You don't think you could?

*Juror No. 8:* Well . . .

*The Court:* You want me to cover it one more time for you?

*Juror No. 8:* Okay.

*The Court:* Again, if there are four elements that he has to prove beyond a reasonable doubt and you personally are convinced that he did prove all of those elements beyond a reasonable doubt, would you vote guilty then?

*Juror No. 8:* Yes, I will.

*The Court:* And the other side of that is, if you believe that he has not proven all of the elements beyond a reasonable doubt, then it would be your duty to vote not guilty. Do you understand that?

*Juror No. 8:* Yes.

*The Court:* And would you do that?

*Juror No. 8:* Right.

*The Court:* All right. I will deny the motion for cause then, Mr. Dickerson. [Emphasis added.]

Following this exchange, there was a discussion at the bench between counsel and the court, at the request of the defendant's attorney. Immediately thereafter, the court addressed the prospective jurors:

> To Mrs. Reese and to all of you, I want to clarify what it is that the role of the jury is once a trial is concluded, and this is the operative instruction— not any extemporaneous coverage, but trying to explain to you the options; but this is the instruction that I would give you at the end of the trial, and I know a number of you have already heard this. I am going to give it to you again because this is the instruction that really governs your deliberations.

The court then gave CJI 3:1:18, which describes the manner in which the jury is to deliberate and reach a verdict.

Jury selection continued until a panel of thirteen had been seated.[2] Prior to the giving of preliminary instructions and the presentation of opening statements, defense counsel moved for a mistrial. He argued that the trial court had improperly instructed the jurors that they must find the defendant guilty if convinced that the prosecution had proven its case beyond a reasonable doubt. Counsel submitted that the instruction had misled the jury into thinking that it could not acquit the defendant regardless of the weight of the prosecution's proofs. The trial court responded:

> Your motion is denied. I covered it by indicating they were to disregard the extemporaneous state-

---

[2] Juror No. 8 was not a member of the jury that decided the defendant's case. She was excused after she and several other persons who had been exposed to publicity about the matter were questioned in chambers.

ments and focus only on the standard jury instruction, which I did in fact read to them.

### III

The Court of Appeals voted two to one to reverse the defendant's conviction because of the explanation that the trial court had given Juror No. 8 during voir dire. 175 Mich App 228, 230-231; 437 NW2d 274 (1989). The majority agreed that the remarks had misled the jury into thinking that it *must* convict the defendant if convinced of his guilt beyond a reasonable doubt. The majority believed that this had the effect of removing from the jury its "right to acquit as a matter of leniency," or at least was misleading as to that issue. In the majority's view, subsequent instructions did not cure the error; the instruction which immediately followed did not address the issue, and the final instructions did not clarify the matter.

Judge MURPHY, writing in dissent, questioned whether the trial court's voir dire explanation could be characterized as an "instruction" in the first place. Even if it could, he saw no basis for reversal because the instructions, when viewed in their entirety, fairly presented the issues to be tried and protected the rights of the defendant.

Neither the majority nor the dissent discussed the other issues that had been raised by the defendant.

### IV

We are persuaded that the remarks challenged by the instant defendant did not constitute error requiring reversal. The trial court was merely

informing the jurors of their obligation to apply the law in accordance with its instructions. The court explained what the jurors "would" do if they were true to their oaths and performed their legal duty. There has been no suggestion that the jury was not otherwise properly instructed.

For the reasons stated, we hold that the explanation given by the trial court during voir dire did not mislead the jury. Accordingly, in lieu of granting leave to appeal,[3] we vacate the judgment of the Court of Appeals and remand this matter to that Court for consideration of the other issues raised by the defendant but not addressed.

RILEY, C.J., and LEVIN, BRICKLEY, BOYLE, and GRIFFIN, JJ., concurred.

CAVANAGH, J., concurred in the result only.

ARCHER, J. I would not dispose of this case peremptorily, but would either grant or deny leave to appeal.

[3] MCR 7.302(F)(1).